## EBEN STANCLIFT, et al., v. MOSES NORTON.

1. MORTGAGE; *Non-Payment of Taxes; Stipulation; Foreclosure.* When the mortgagor fails to pay the taxes on the mortgaged premises, the mortgagee, even though the mortgage may be silent as to taxes, may pay them and have the amount included in the judgment rendered on the foreclosure of such mortgage.

2. CONTRACT; *Stipulation as to Taxes.* A stipulation in a mortgage that upon a failure to pay the taxes levied upon the mortgaged premises, the principal debt secured thereby shall immediately become due and payable, is valid.

*Error from Pottawatomie District Court.*

ACTION to foreclose mortgage given by *Stanclift* and wife to *Norton.* The mortgage was dated February 8th, 1870, was to secure an indebtedness of $2,000, payable four years after date, with interest payable annually, and contained this stipulation:

"But if said sum of money or any part thereof, or any interest thereon is not paid when the same is due, then in that case the whole of said sum and interest shall and by this indenture does immediately become due and payable; or if the taxes and assessments of every nature which are assessed or levied against said premises are not paid at the time when the same are by law made due and payable, then and in like manner the whole of said sum shall immediately become due and payable."

The action to foreclose said mortgage was commenced July 8th, 1872, and plaintiff alleged the nonpayment by mortgagors of the taxes levied on the mortgaged premises for the year 1871, the sale of said lands for said unpaid taxes, and the redemption by plaintiff from said tax sale, and payment to make such redemption of $133.45. Defendants answered, first, that no part of the mortgage debt was due; second, usury; third, an adjudication that the contract was usurious; fourth, the tender to plaintiff, since commencement of the action, of said $133.45, and interest, and offer to pay all costs, etc. Plaintiff replied, denying the second and third defenses. Plaintiff demurred to the fourth defense. The case was heard on the demurrer at the August Term 1872. The district court sustained the demurrer, and holding that the mortgage had become absolute, gave judgment in favor of the plaintiff for the amount of the debt and interest, and said sum of $133.45 paid as taxes and interest thereon, and for the sale of the mortgaged property, etc. Defendants appeal, and bring the case here on error for review.

*J. S. Merritt*, and *A. H. Case*, for plaintiffs in error:

1. There being no provision in the contract for a judgment for the taxes, it was error in the court to order the premises sold to pay the amount of the taxes. The mortgage states in positive terms that, after retaining the principal and interest of the note, fifty dollars as attorney's fees, and the costs of sale, the overplus shall be paid the mortgagor.

2. The demurrer should have been overruled. The second defense of the answer sets up usury which, if true, and the court so found, would entitle the mortgagor to the use of the money until the 8th of February 1874 without interest. If mortgagee is allowed to foreclose, the interest up to February 8th 1874, forfeited, is lost to mortgagors. There is no difference in the forfeiture of a sum of money in the shape of interest, or of a named sum as a penalty. The taxes in this case were a mere penalty, and when the full amount and the full costs had been tendered, the mortgagors should be, in equity and good conscience, allowed to retain the money until it became due by the terms of the note. 16 Ill., 400.

*R. S. Hick*, for defendant in error:

1. According to the terms of the mortgage, on the mortgagors' failure to pay the taxes on the mortgaged premises, when due, the whole amount of the debt became due; and a tender of a less amount was not good.

2. The parties to the mortgage had a right to make the extension of credit depend upon the prompt payment of taxes on the mortgaged premises, as well as upon the performance of any other condition on the part of the mortgagor; and if from the negligence of the mortgagor in performing that, or any other part of his contract, he suffered the whole debt to become due, according to the terms of the mortgage, no court will interfere to relieve him from the payment thereof according to the conditions of his own agreement. 7 Paige's Ch., 179.

3. It is not a penalty that is provided for, or anything in

the nature of a penalty. It was necessary that the taxes should be paid to keep the security good; and the condition is one without which, it is fair to presume, the mortgagee would not have accepted the security, or permitted the debt to have been contracted. The *time* of payment is only contingent. The parties to the mortgage had a right to make it contingent upon the payment of the taxes when due, as they did — to agree that if the mortgagor failed to pay the taxes when due, the time when they were due and unpaid should be the time for the whole debt to become due. Clarke's Ch. R., 393; 4 Edw. Ch., 207.

4. The forfeiture of the interest on account of its being usurious did not give the mortgagor a right to the use of the money for the full time without interest as if such had been the agreement. His being relieved from the payment of the interest retained in the note and mortgage, because it was illegal, does not relieve him from the performance of any other part of the contract which is legal.

5. The law at the time the mortgage was made, provided, that if the mortgagor permitted the land to be sold for taxes, the mortgagee might redeem it, and include the amount in any judgment that might be rendered on the mortgage, and rendered any stipulation to that effect unnecessary. Gen. Stat., 1062, ch. 107, § 135.

The opinion of the court was delivered by

BREWER, J.: Two questions are raised by counsel for plaintiff in error in their brief. The first grows out of these facts: The action is one for the foreclosure of a mortgage. The mortgagor failing to pay the taxes, the mortgagee paid them. The amount so paid was included in the judgment, and for it, as well as the principal debt, the premises were ordered sold. Was this error? The mortgage contains no other stipulation in reference to this matter than that upon a failure to pay the taxes when due, the entire mortgage debt should become due and the mortgagee at once entitled to recover. But the law in force at the date of the execution of this mortgage, and

continuously up to the present time, authorized the mortgagee upon the failure of the mortgagor to pay the taxes, to pay them himself and have the amount included in any judgment rendered on the mortgage, and declared that the taxes so paid should be a lien upon the land: Gen. Stat., p. 1062, ch. 107, § 135. This mortgage contract was made with reference to the law then in force, and it was unnecessary to express in it a right which attached to all mortgages. It was by statute a condition of the contract as fully as though written in the body of the instrument. Probably too the mortgagee would have the right without the statute to pay the taxes and include them in the judgment, so as to keep his security perfect. There was therefore no error in this ruling of the court.

The other question arises on a demurrer to the defense stated in the answer. The time for which the note and mortgage were given had not expired when this action was brought. The only default alleged in the petition was a failure to pay the taxes when due, a sale for nonpayment, and a redemption therefrom by the mortgagee. Plaintiff claimed judgment and foreclosure for the full amount of the notes and the taxes. In their fourth defense the defendants alleged that since the filing of the petition herein, they had tendered to plaintiff the full amount of the taxes and penalty, and all costs accrued in the action, which tender was refused, and further that they now repeated the tender and brought the money into court. To this defense a demurrer was interposed and sustained. Was this error? We think not. By the express terms of the contract the entire amount of the debt was to become due upon a failure of the mortgagor to pay the taxes. There is nothing to vitiate such a contract. It is not prohibited by statute, nor against public policy. Nor is it a hard contract, one which it would be unconscionable to enforce. The lender of money may well insist that the security be kept intact, or the loan mature. This is but parallel to the case of a stipulation that upon a failure to pay interest promptly the principal shall become due. Such stipulations have almost invariably been sustained. *The Contributors, &c., v. Gibson,*

2 Miles, 324; *Ottawa Northern Plank Road Co. v. Murray*, 15 Ill., 337; *Hale, Rec'r, v. Governeur*, 4 Edwards Ch., 207; . *Noyes v. Clark*, 7 Paige's Ch., 179; *Sheel v. Bradfield*, 4 Taunt. Rep., 227; *James v. Thomas*, 5 Barn. & Adolph., 40; *Ferris v. Ferris*, 28 Barb., 29; *Valentine v. Van Wagener*, 37 Barb., 60; *Crane v. Ward*, Clarke's Ch., 393. ` In this last case the opinion contains this language: "The entire amount cannot be altered by any construction which may be given to the contract. The time of payment only is contingent. The parties to the original contract have unquestionably a right to agree that if the interest upon the money is not paid punctually the principal shall become due. So they might make any other event the criterion of the time when the principal was to be paid." The case cited by counsel for plaintiff in error, 16 Ill., 400, has no application here. Whether the facts alleged in the second and third defenses of the answer be true, we do not know. They are denied by the reply, and the record is silent as to the testimony. They must therefore be left entirely out of our consideration, and the case stands as the ordinary foreclosure of a mortgage with the default in the payment of taxes as the condition broken. The judgment of the district court will be affirmed.

All the Justices concurring. ;