## WILLIAM ELLWOOD, *et al.*, V. ORLOW WOLCOTT.

TAXES ·PAID BY MORTGAGEE; *Right to Foreclose, Sustained.* Where a mortgage was executed on May 17, 1883, due three years from date, containing the stipulation that upon the failure to pay the taxes levied upon the mortgaged premises when the same are by law due and payable, the principal and interest secured thereby shall become due and payable, and the mortgagor fails to pay the taxes or any part thereof on or before December 20, 1883, and the owner and holder of the mortgage, on December 22, 1883, pays the taxes, so as to keep his security good, such owner and holder has the right to foreclose his mortgage at once, on account of the failure of the mortgagor to comply with the terms of the mortgage.

### *Error from Reno District Court.*

ACTION brought by *Wolcott* against *Ellwood* and others, to foreclose a mortgage. Trial at the May Term, 1884, and

judgment for plaintiff. The defendants bring the case here. The opinion states the facts.

*Whiteside & Hutchinson,* for plaintiffs in error.

*Scheble & Vandeveer,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case are these: On May 17, 1883, William Ellwood, Azariah Ellwood, John J. Ellwood and John Pricer executed their note for $1,200 to the order of V. B. Latham, due in three years from date, with interest at ten per cent. per annum, payable annually, and with Mary E. Ellwood secured the same by a mortgage on two lots in the city of Hutchinson, in Reno county. On November 26, 1883, V. B. Latham sold and transferred the mortgage to Wolcott without recourse. The mortgage contained this stipulation:

"If the taxes or assessments of any nature which are or may be assessed or levied against said premises or any part thereof are not paid when the same are by law due and payable, then the whole of said sums and interest thereon shall by these presents become due and payable, and the said party of the second part shall be entitled to the possession of said premises."

Taxes upon the premises were assessed for the year 1883, to the amount of $25.16. Without notice to the mortgagors, Wolcott paid the taxes on December 22, 1883, and thereupon commenced his action to foreclose the mortgage, alleging in his petition a breach of the condition of the mortgage in that the mortgagors had defaulted in the payment of the taxes assessed upon the mortgaged premises. The plaintiffs demurred to the petition, which the court overruled and rendered judgment in favor of the defendant in error.

Was any error committed thereby? We think not. The defendant in error did not pay the taxes until after December 20, 1883. The taxes assessed for 1883 were due under the statute before they were paid. The plaintiffs in error should have paid at least one-half of the taxes on or before December 20, 1883. The statute provides: "If any part of the said

first half of said taxes remains unpaid after the twentieth day of December, the whole amount of tax charged against such person failing to pay the first half of the tax as herein provided shall become due, and shall be collected as provided by law; and all taxes due and unpaid on the twenty-first day of December of each year shall be subject to have added thereto a penalty of five per cent." (Comp. Laws of 1879, ch. 107, §§ 91, 85.) Under the terms of the mortgage, the mortgagors had defaulted, and it was not necessary for the defendant in error to notify them that the taxes were due, or that he was about to pay the same before paying such taxes. Neither was it necessary for him to notify them that he had paid the taxes. The mortgagors were bound to know when the taxes were due and payable, and if they failed to pay the same according to the conditions of the mortgage the owner and holder of the mortgage upon their default had the right to commence his action to foreclose the mortgage. By the express terms of the contract, the entire amount of the debt was to become due upon the failure of the mortgagors to pay the taxes when they became due and payable. (*Stanclift v. Norton*, 11 Kas. 218.)

The ruling and judgment of the district court will be affirmed.

All the Justices concurring.