VICTOR G. LANTRY ET AL. V. ADELBERT FRENCH.

[FILED DECEMBER 18, 1891.]

Negotiable Instruments: MORTGAGES: CONTINGENT MATUR-
ITY. A mortgage was given to secure the payment of the sum of
$500 five years from the date thereof, with interest thereon at ten
per cent, payable annually, in advance, at the office of A. R., at
B., Nebraska, for which coupon notes were attached payable as
above, and it was therein provided that in case said note, or any
coupon interest note attached thereto, should not be so paid, then
the whole of said note and mortgage should become due at once,
and thereupon the mortgagee should have the immediate right
to foreclose said mortgage. *Held*, That when the amount of any
interest coupon was not paid or tendered at the place of pay-
ment on the day it became due, or within three days thereafter,
the whole amount of unpaid principal and interest up to said
date became due, and the said mortgage foreclosable therefor.

ERROR to the district court for Washington county.
Tried below before HOPEWELL, J.

*W. H. Eller*, for plaintiffs in error, cited cases referred
to in opinion.

*W. C. Walton*, contra.

COBB, CH. J.

The plaintiffs' petition was filed in foreclosure December
1, 1888, alleging that on June 30, 1885, the defendants,
Marion R. Kindred and Delilah, his wife, executed to Lucy
M. Mellen their promissory note for $500, payable June
30, 1890, with interest at ten per cent per annum, payable
annually, in advance, at the office of Alex. Reed, in Blair,
Nebraska, for which coupon notes were attached, drawing
interest at ten per cent per annum from maturity. Those
due at the bringing of this suit were the third and fourth,
payable June 30, 1888, and June 30, 1889. They were

secured by a mortgage on the N. $\frac{1}{2}$ of the N. E. $\frac{1}{4}$ sec. 34, town 20, range 11, and lots 1 and 2 in block 17, also lots 11, 12, 13, 14, and 15, in block 19, in the city of Blair, Nebraska.  One of the conditions of the mortgage was "that in case said note, or any coupon interest note attached thereto, should not be so paid, then the whole of said note and mortgage should become due at once," and thereupon the said Mellen should have the right to the immediate possession of said real estate, and to foreclose said mortgage to pay said note.  The appellant Lantry, who had bought the land subject to the mortgage, was made a party defendant, and was required to truly disclose any and all interest he may have in said mortgaged premises, and judgment for deficiency was prayed against him.

The defendant Lantry was admitted to answer April 1, 1889, and which answer alleges :

"1.  That he admits execution and delivery of the notes and coupons attached and described in plaintiff's petition, and made by the defendant Kindred.  He also admits the execution and delivery of the mortgage deed therein described, and the recording thereof alleged, and that the defendant is now owner of said land.

"2.  This defendant further answering alleges that the said note and interest coupons are by their terms made payable at the office of Alex. Reed, in Blair, Nebraska, and this defendant has been at all times and now is ready to pay the same, when duly presented for payment at the said office ; that prior to the commencement of this suit, and at sundry times, he caused inquiry to be made at the office of Alex. Reed, in Blair, Nebraska, for said notes and coupons and was unable to find them, and he alleges that said note and coupons were never presented for payment at said office.

"3.  That subsequent to the 30th day of June, 1888, he tendered payment in currency and treasury notes of the United States, and other notes of the United States, duly

declared to be legal tender for the payment of debts, the sum of $50, and paid said money, the sum of $50, to Edna M. Getty, then doing business and chief clerk in the office of Alex. Reed, as aforesaid; that the other coupon is not due until the 30th day of June, 1889, wherefore there is no default in the terms and conditions of said mortgage."

The plaintiff demurred generally to the answer, which was taken under advisement until September 21, 1889, when the demurrer was overruled, and the court found there was due the plaintiff on the promissory note set forth, with interest to September 16, 1889, $611.87. That to secure the payment, defendants M. R. Kindred and Delilah, his wife, executed the mortgage described, and that its conditions have been broken, and that defendant, V. G. Lantry, has purchased the premises. It was ordered that unless the defendants Kindred, within twenty days from September 21, 1889, pay to the clerk of the court said sum, with interest from the first day of this term, with costs of suit, their equity of redemption be foreclosed and the mortgaged premises be sold by the sheriff as upon execution, and report to the court for further order. To which the defendant Lantry excepted.

The coupon note, on which this suit was brought, was due June 30, 1888, five months prior to the commencement of the suit. According to the terms of the note and mortgage, when the coupon note of June 30, 1888, became due and remained unpaid, the principal note and the interest coupons attached became due and payable at once. The fact set up in the answer of the appellant, that he made inquiry at the office of Alexander Reed, in Blair, Nebraska, for the note and coupons, prior to the commencement of the suit, for the purpose of paying them, and that subsequent to June 30, 1888, he tendered payment, in legal tender notes of the United States, the sum of $50, and paid the same to Edna M. Getty, chief clerk in the office of Alexander Reed, is not a defense to the action. It does

not appear that the tender was made within three days of the maturity of the note, nor that three months had not elapsed from the maturity of the note to the fact of the tender.   It is even claimed by the appellee, and not controverted, that the action was commenced before the tender set up in the answer.   That there was then due $550, so that the tender was not a defense, and the demurrer to the answer was well taken.

The example cited by appellant of *Robinson v. Cheney*, 17 Neb., 673, is an instance where the tender and payment were made at the bank designated, within three days after the notes became due.   It lacks the premises of the present case.

In the second case cited, of *Ballard v. Cheney*, 19 Neb., 58, it was held, as in the first case, that "When a bank is designated as the place at which a purchase-money note is to be paid, the maker is not in default in not paying the same until the note is received at the bank."   Fully justifying this rule, in that case, was the fact that the vendor was a non-resident of the state, the notes were never sent to or left with the bank at which payment was to be made, but the money was left there for their payment before their maturity.   It has the conditions precedent to the strict construction of the contract of purchase by the vendor.

The salient difference in the case at bar to the cases cited is, that the tender was not made in due time and maintained; nor does it appear from the answer of the appellant that the note was not, on June 30, 1888, and thenceforward, at the office of Alexander Reed, designated as the place of payment.   The judgment of the district court is

AFFIRMED.

THE other judges concur.