## MARTIN *v.* CLOVER *et al.*

*(Supreme Court, General Term, Second Department.* February 8, 1892.)

1. MORTGAGES—RIGHTS OF MORTGAGEE—DEFAULT IN PAYMENT OF INTEREST.

A bond and the mortgage securing it contained a provision that, if the interest should remain in arrears for 20 days, the principal should, at the option of the mortgagee, become due and payable immediately. *Held,* that the mortgagee was justified in returning a check sent him which stated that it was in payment of interest to date, the interest being in fact due on a previous date, and in declaring the principal due upon the expiration of the 20 days without other payment of the interest.

2. SAME—DEFAULT IN PAYMENT OF TAXES.

The bond also provided that, if any tax or assessment upon the premises described in the mortgage should remain in arrear for 90 days, the principal should, at the option of the mortgagee, become due and payable immediately; but the mortgage provided that, on default in payment of such taxes, etc., by the mortgagor for 90 days, the mortgagee might pay them, and the amount thereof should forthwith be due and payable from the mortgagor to the mortgagee, and be secured and collectible in the same manner, at the same time, and upon the same conditions as interest; "and, in default of such payment" by the mortgagor, the principal should,

at the option of the mortgagee, become immediately due and payable.  *Held* that, upon default by the mortgagor in payment of taxes for 90 days, the mortgagee had a right to declare the principal sum due.

Appeal from special term, Kings county.

Action by William M. Martin, as trustee under the will of Francis W. Hutchins, deceased, against Bertrand Clover and others, to foreclose a mortgage on real estate.  Judgment for plaintiff.  Defendant Clover appeals.  Affirmed.

The complaint alleged the making and delivery of the bond, conditioned for the payment of the sum of $11,000, with interest semi-annually on the 1st days of November and May in each year until said principal sum should be fully paid; "that it was therein expressly agreed that, should any default be made in the payment of the said interest, or of any part thereof, on any day whereon the same is made payable as above expressed, and should the same remain unpaid and in arrear for the space of 20 days, or should any tax or assessment to be thereafter imposed upon the premises described in the mortgage accompanying said bond become due and payable, and should the same remain unpaid and in arrear for the space of 90 days," the principal should, at the option of the mortgagee, become due and payable immediately; that, as collateral security therefor, the mortgage was executed, "with the same condition as the said bond, and in case of default in the payment of the said sum of money, the interest that might grow due thereon, or any part thereof, or in the payment of any tax or assessment which should be imposed upon" the premises described, the mortgagee was empowered to sell the said premises, etc.  These allegations were admitted by the answer, but further allegations of defaults in payment of interest and of taxes, and of the mortgagee's election thereupon that the principal should be due and payable, were denied. At the trial it appeared that on November 19, 1890, the interest due on the 1st day of that month being unpaid, defendant received from plaintiff by mail a check for the amount of such interest, dated November 19, 1890, containing a statement that it was for "interest on mortgage to date," which plaintiff on the same day returned, with a letter stating that he could not receive the check as drawn.  On November 22d plaintiff gave defendant notice that there was default in payment of interest for more than 20 days, and that he elected that the principal of the bond should become due.  On the same day plaintiff received from defendant by mail a check dated November 20th for the amount of the interest, which he returned to defendant.   The provision contained in the mortgage relating to default in payment of taxes on the premises was as follows:  "And it it further agreed by and between the parties to these presents that the said party of the first part, his heirs, executors, administrators, or assigns, will pay and discharge all taxes, assessments, or other charges that now are a lien or hereafter shall be levied, assessed, or imposed and become a lien upon the premises above described, or any part thereof, and, in default thereof for the space of ninety days after the same shall have become due and payable by law, the said party of the second part, his successors or assigns, may pay such taxes, assessments, or other charges or expenses and the amount so paid, and interest thereon from the time of such payment, shall forthwith be due and payable from the said party of the first part, his heirs, executors, administrators, or assigns, to the said party of the second part, his successors or assigns, and shall be deemed to be secured by these presents, and shall be collectible in the same manner, at the same time, and upon the same conditions as the interest upon the principal sum hereinbefore mentioned."  It also appeared that taxes on the premises were unpaid for over two years.

The following is an extract from the opinion delivered orally by CULLEN, J., in rendering the decision on trial by the court at the special term: "This bond contains this special covenant: that, in case of default of ninety days in

payment of taxes, then the principal sum becomes due. This is to enforce payment of the principal sum the same as if it had been written in the bond. It seems to the court that the plaintiff had the absolute right to declare the principal of this bond due. I do not see that there is any question of it. Take your judgment of foreclosure. I think the defendant should have 30 days' stay after entry of judgment before you advertise or put him to further expense."

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Bertrand Clover,* for appellants. *Josiah T. Marean,* for respondent.

PRATT, J. This case is too plain to require much discussion. The plaintiff was justified in returning the check first sent, not only because the check contained a statement that it was given in payment for interest in full up to a date 20 days more than was true in fact, but also because it was a check, and not legal tender. The interest not being paid, the holder of the mortgage, before the receipt of another check, had elected to regard the whole sum secured by the mortgage as due, and therefore he had a right to return the second check as being tendered too late. This case, at first view, seems hard, but it is evident, I think, that the defendant did not intend in good faith to pay the interest, as he seems to have either dated the second check back two days, or negligently failed to post it until two days after the default in payment of the interest. The defendant also made no effort to tender the interest after the second check was returned, or to be relieved from his default by application to the court. The case was therefore properly decided below upon the ground of the interest being paid or tendered in time to prevent an election. We also think that the court at special term construed the tax clause correctly. It may be further said that the facts found clearly warrant the judgment, and, inasmuch as it does not appear that all the evidence is reported, we are precluded from reviewing the findings of fact. *Aldridge* v. *Aldridge,* 120 N. Y. 616, 24 N. E. Rep. 1022. Judgment affirmed, with costs. All concur.