ALBERT HARTSUFF, APPELLEE, v. THOMAS F. HALL ET AL., APPELLANTS.

FILED APRIL 6; 1899.   No. 8823.

1. **Negotiable Instruments: DAYS OF GRACE.** A debtor is entitled to days of grace on a negotiable coupon interest note.

2. **Mortgages: DEFAULT: TIME TO DECLARE DEBT DUE.** Where a negotiable note secured by a mortgage provides that if default should be made in the payment of an interest note which was likewise negotiable in form, and made payable on the first day of a certain month, for ten days after it became due, the principal and interest notes, at the option of the holder, should at once become due and payable without notice, the option exercised on the 13th of said month was premature.

3. ———: ———: NON-PAYMENT OF TAXES: FORECLOSURE. In case a real estate mortgage contains a stipulation that if the taxes against the premises are not paid before the time the same became by law delinquent, the entire mortgage debt shall immediately become due and payable, the failure of the mortgagor to pay the taxes according to such stipulation is such a breach of the mortgage as will authorize the bringing of a suit to foreclose, although the mortgage debt, by its terms, has not yet matured, and the mortgagee, to protect his security, has himself paid the taxes after the same had become delinquent.

4. **Special City Taxes: FORECLOSURE OF LIEN: BURDEN OF PROOF.** Where a lien is sought to be enforced against real estate for a sale for non-payment of special city taxes, the burden is upon the person asserting the lien of showing its validity. *Leavitt v. Bell*, 55 Neb. 57, followed.

31

APPEAL from the district court of Douglas county. Heard below before POWELL, J.  *Reversed.*

*Henry W. Pennock,* for appellants.

*Read & Beckett, contra.*

NORVAL, J.

This suit was instituted to foreclose a mortgage on certain real estate situate in the city of Omaha.  From a decree in favor of plaintiff defendants have prosecuted an appeal.

The first contention of the defendants is that the suit was prematurely brought.  The note the mortgage in question was given to secure was in the sum of $12,000, negotiable in form, dated April 28, 1892, and by its terms payable on May 1, 1897, with interest at seven and one-half per cent per annum from date, payable semiannually, according to the tenor of ten interest notes of $450 each, except one being for $457.50.  This suit was instituted on May 13, 1895, or before the time the note by its terms had matured.  The main note, however, contained a stipulation that "if default be made in the payment of any interest note, or any portion thereof, for the space of ten days after the same becomes due and payable, then said principal and interest notes shall, at the option of the said Hartsuff, or the legal holder of said note, become at once due and payable without further notice."  The interest note, which was made payable on May 1, 1895, was not paid on that date, nor yet at the time of the institution of the present suit, and it is argued that such default, by the above quoted provision of the principal note, *ipso facto* made the whole debt at once due and payable, and authorized the bringing of the suit to foreclose the mortgage.  We are unable to fully appreciate the force of the argument in support of this contention of the learned counsel for plaintiff.  This coupon

note, like the principal note, was payable to Albert Hartsuff or order, and being negotiable, within the meaning of chapter 41 of the Compiled Statutes, by section 3 of said chapter was entitled to three days of grace in the time of payment; in other words, the coupon note payable May 1, 1895, did not mature until three days thereafter, and an action at law instituted thereon before May 5 would have been prematurely brought. (*Lantry v. French*, 33 Neb. 524.) It follows that this coupon note was not ten days overdue when this suit was commenced, within the meaning of the stipulation or clause in the principal note, to which reference has been made, and the right to foreclose the mortgage had not accrued by reason of the default in the payment of the interest note. We must not be understood as holding, or even intimating an opinion, that a debtor is in all cases entitled to days of grace on mere installments of interest. The rule we have announced is only applicable where the interest payment is represented by a note in form negotiable. The mortgage contained the following clause: "Now, if the said Amelia Hall and Thomas F. Hall shall well and truly pay, or cause to be paid, the sum of money in said note mentioned, with interest thereon, according to the tenor and effect of said note, and shall duly keep and perform all the other covenants and agreements herein contained on their part to be kept and performed, then these presents shall be null and void. But if said sum of money, or any part thereof, or any interest thereon is not paid when the same is due, or if the taxes and assessments against said premises are not paid at or before the time the same become by law delinquent, or if said mortgagors fail to keep and perform any of the covenants contained herein on their part to be kept and performed, then the whole of said sum and interest shall immediately become due and payable." It was alleged, and proven, that the taxes which had been levied against the mortgaged premises were permitted to become delinquent by the mortgagors. This

constituted a breach of the terms and condition of the mortgage, and the suit thereon was not prematurely instituted.

It is argued that plaintiff waived the right to declare a forfeiture by paying the taxes. We do not think this is true. He had the right to pay the delinquent taxes against the premises to protect his security, and in making such payment he was not thereby estopped from availing himself of the right to declare the mortgage debt due.

The record discloses that in the decree of the court below plaintiff was awarded a lien for special paving and curbing taxes against the mortgaged premises levied by the city of Omaha which he had paid. The burden was upon the plaintiff to establish the validity of these special taxes before he was entitled to a lien on account of their payment (*Leavitt v. Bell*, 55 Neb. 57); and he having failed to show that these special taxes were legally levied, the court below erred in giving plaintiff a lien against the real estate for the amount of such special taxes. The decree is accordingly reversed, and the cause is remanded to the district court with direction to enter a decree in favor of plaintiff for the amount of his mortgage debt, including interest, and the amount of all general taxes paid, with legal interest thereon.

REVERSED AND REMANDED.