NATIONAL LIFE INSURANCE COMPANY, APPELLEE, V. JOHN
J. BUTLER ET AL., APPELLANTS.

FILED MARCH 6, 1901.   No. 9,423.

1. Mortgage: CONDITIONAL CLAUSE: ELECTION: NOTICE. Where a mort-
   gage provides that the failure of the mortgagor to comply with
   any of its conditions shall cause the entire debt to become due,
   and provides, further, that the mortgagee may in such case,
   if he so elect, proceed at once, without notice, to enforce his
   security, the commencement of a foreclosure suit is notice of
   his election, and no other notice is necessary.

2. Tax: PAVING ASSESSMENT. Special paving assessments are "assess-
   ments" within the meaning of a clause in a mortgage imposing
   on the mortgagor the duty of making prompt payment of all
   "taxes and assessments" lawfully charged against the mort-
   gaged property.

3. Mortgage: CONDITION: RIGHTS OF MORTGAGEE. Where a mortgage
   is conditioned that on the mortgagor's default the mortgagee
   may pay delinquent taxes and assessments, and insurance, and
   add such payments to the original debt and that the mortgage
   shall stand as security therefor; and provides, also, that on
   the mortgagor's default the mortgagee may declare the whole
   debt due and foreclose at once, the mortgagee may not only
   make the payments which the debtor failed to make, but also,
   at his option, declare the whole debt due and proceed im-
   mediately to collect it by suit.

4. Tax Receipts: ADMISSION. An admission, when tax receipts are
   offered in evidence, "that the taxes described in the receipts were
   duly levied and assessed" is an admission that the assessments
   were made at the dates mentioned in the receipts.

5. Collector's Receipt: REFERENCE TO DATE: EVIDENCE PER SE. A tax
   collector's receipt in which a special assessment is described by
   reference to the date at which it was made is *per se* evidence
   that the assessment was made at the date named.

6. Taxes: AGREEMENT TO PAY: MEANING OF "BEFORE DELINQUENT." An
   agreement to pay taxes before they become delinquent is not
   fulfilled by paying such taxes on the day they become delinquent.

7. Unnecessary Costs: COMPLAINT: ITEMS. A party who claims that
   unnecessary costs were taxed against him must point out the
   items of which he complains.

APPEAL from the district court for Lancaster county.
Heard below before HOLMES, J. *Affirmed.*

33

*Charles O. Whedon* and *Alfred W. Scott*, for appellant.

*S. L. Geisthardt, contra.*

SULLIVAN, J.

This action was instituted by the National Life Insurance Company against John J. Butler and others to foreclose two real estate mortgages. Upon the issues joined the court found in favor of the plaintiff and rendered a decree in accordance with the prayer of the petition. The notes secured by the mortgage had not by their terms matured at the time the action was commenced, and the right to maintain the action is grounded only upon the alleged failure of the mortgagor, Butler, to comply with certain conditions of the mortgages relative to payment of interest, taxes and insurance. The conditions referred to are as follows: "It is further stipulated and agreed, that if the taxes or assessments levied on the granted premises are not paid before they become delinquent, or if there is any failure to comply with the foregoing stipulation in regard to insurance, the grantee, its successors or assigns, may pay such taxes or assessments, or effect such insurance, and any sums of money paid therefor shall be recoverable from them or their heirs, or assigns, and together with overdue interest shall bear interest at the rate of ten per cent per annum; that this mortgage shall stand as security not only for said mortgage note and interest coupons, but for interest upon all interest not paid when due, and for all sums of money advanced as hereinbefore stipulated for payment of insurance, taxes and assessments, with interest on such sums so advanced; that a failure to pay any of the said money, either principal or interest, within thirty days after the same becomes due, or a failure to perform or comply with any of the foregoing agreements or conditions, shall cause the whole sum of money hereby secured to become due and collectible at once, without

notice, if the mortgagee or its successors or assigns shall so elect, and this mortgage may thereupon be foreclosed immediately for the whole of said money, interest and costs; * * * And it is hereby agreed that after any default in the payment of either principal or interest, the whole indebtedness secured by this mortgage shall draw interest at the rate of ten per cent per annum from the date hereof, and that all payments of interest that have been made shall be deemed to be payments on account only of such interest."

One of the contentions of appellants is that the action can not be maintained because the plaintiff did not, before filing its petition, give notice of its election to declare the entire debt due. This question was considered in the case of the *Northwestern Mutual Life Ins. Co. v. Butler*, 57 Nebr., 198, and it was there held that the bringing of an action to foreclose the mortgage was notice of plaintiff's election, and that no other notice was necessary. In the same case it was also held that special paving assessments, like those involved in the present suit, were "assessments" within the meaning of a clause in the mortgage imposing upon the mortgagor the duty of making prompt payment of all "taxes and assessments" lawfully charged against the mortgaged property.

Another argument advanced in behalf of appellants is that the plaintiff could not, under the provisions of the mortgages above quoted, pay delinquent taxes, assessments and insurance and, after adding the amounts paid to the original indebtedness, proceed at once to enforce the mortgages. We think by the plain terms of the contracts between the parties the creditor was given not only the right to make the payments which the debtor, in violation of his contract failed to make, but also the further right at its option to declare the entire debt due and proceed immediately to collect it by suit.

It is contended that the court erred in including in the decree $345.15 for paving assessments which the plaintiff claims to have paid for the protection of his security.

It is said that there is no evidence in the record tending to show that those assessments were regularly charged against the property, or that they were paid; and it is especially insisted that there is no proof that they were paid after they became delinquent. At the trial, plaintiff offered together all the receipts for taxes and special assessments paid by it upon the mortgaged property. The defendant made a general objection to the admission of each and all of the receipts, and objected specifically to those relating to the special assessments. Thereupon it was stated by Mr. Geisthardt, attorney for the plaintiff: "It is admitted that the taxes described in the receipts were duly levied and assessed by the proper authorities, and that the amounts named in the receipts were actually paid by plaintiff at the times the receipts bear date." The record further shows that Mr. Scott, attorney for the defendant, assented to the foregoing statement, and that the objection was then overruled. Evidently the admission was intended to embrace, and was understood by the court and counsel for both parties, to cover all the receipts included in the offer and affected by the objection. Those receipts show the date of each special assessment. The assessments are described by reference to the dates at which they were made, and that is the only means employed to identify them. The admission "that the taxes described in the receipts were duly levied and assessed" is, therefore, an admission that the assessments were made at the dates mentioned in the receipts. It also appears from the interest and penalties charged against the various installments of special taxes that they must have been delinquent when the plaintiff paid them. Furthermore, we are disposed to think that the receipts were *per se* competent evidence of the dates of the assessments. Section 26 of the charter of the city of Lincoln, where the property is situate, provides (Session Laws, 1889, ch. 14) that the city treasurer shall give to every person paying money into the city treasury a receipt specifying the date of payment and

upon what account paid. The accounts upon which plaintiff made payments were general taxes for certain years and special assessments which could be appropriately described only by reference to the dates at which they were levied. If the date of an assessment was an appropriate part of what the law required to be written in the treasurer's receipt acknowledging payment of such assessment, then the receipt was evidence of the date, and, unaided by any admission, would fix the time when the defendants were in default.

The plaintiff paid certain city taxes for 1896, the payment being made on the first day of December of that year. It is insisted by counsel for appellants that those taxes were not delinquent until the following day, and that the payment was premature and unauthorized. The statute provides: "On the first day of December next succeeding the levy thereof, all unpaid city taxes shall become delinquent." Compiled Statutes, 1899, ch. 13a, art. 1, sec. 52. If the taxes became delinquent on December first, the mortgagor was bound by his contract to pay them on or before the last day of the previous month. He could not pay them before they became delinquent by making payment on the day they become delinquent. The law does not ordinarily in computing time take notice of fractional parts of a day.

It is claimed that appellants were taxed with costs made by bringing unnecessary parties before the court. We do not find in the record anything to indicate that any costs were incurred in bringing the parties in question before the court. Neither do we find that any costs were charged against the defendants on account of those parties having been brought in.

The decree is not erroneous, and it is, therefore, in all things

                                        AFFIRMED.