[No. 4138.]

RASMUSSEN ET AL. V. LEVIN.

1. MORTGAGES—FAILURE TO PAY TAXES—FORECLOSURE—OPTION OF MORTGAGEE.

Where a mortgage provided that if default be made in the payment of taxes the note should at the option of the mortgagee become due and the mortgage be foreclosed, also that if the mortgagor failed to pay taxes when due the mortgagee might pay them and the amount thus paid become an additional indebtedness to be paid out of the proceeds of the sale of the mortgaged premises, the mortgagee by paying the taxes did not waive his right to declare the note due on account of the mortgagor's default in the payment of taxes and to foreclose the mortgage, but the meaning of the mortgage is that in the event the mortgagor neglected to pay the taxes the mortgagee could declare the note due and at once proceed to foreclose and in addition to this right if he chose he might pay the taxes and include the amount in the action to foreclose.

2. SAME—ACCEPTANCE OF INTEREST—WAIVER—PLEADING.

In an action by a mortgagee to foreclose on the ground of default in the payment of taxes by the mortgagor, where it was claimed by the mortgagor that the mortgagee had waived his right to declare the note due and to foreclose by accepting interest on the note after the default in payment of taxes and with knowledge of such default, the mortgagor is not in position to take advantage of the waiver claimed unless the fact that the interest was accepted by the mortgagee with knowledge of the default in the payment of

taxes, either appears upon the face of the complaint or is specially pleaded as a defense.

3. MORTGAGES—CONDITION IN MORTGAGE AS TO MATURITY OF NOTE—FORECLOSURE.

A condition in a mortgage giving to the mortgagee an option to declare the note due upon a default in the payment of taxes by the mortgagor can be taken advantage of to declare the note due, only for the purpose of foreclosing the mortgage.

4. SAME.

Where a note was secured by two mortgages and a quit claim deed, each conveying separate parcels of land and the mortgages contained conditions giving the mortgagee an option to declare the note due upon default of payment of taxes by the mortgagor and authorizing a foreclosure therefor, such condition in the mortgages did not authorize the foreclosure of the quit-claim deed for the default in the payment of taxes.

5. SAME.

Where a note was secured by two mortgages and a quit claim deed each conveying separate parcels of land and the mortgages contained conditions authorizing foreclosure for default in the payment of taxes, and making taxes paid by the mortgagee an additional indebtedness secured by the mortgages, in an action to foreclose for default in payment of taxes it was error to decree taxes, paid on the land conveyed by the quit-claim deed a lien on the lands, and where it does not appear what part of the taxes so decreed to be a lien was paid upon the land conveyed by the quit claim deed the decree must be reversed.

*Error to the County Court of Elbert County.*

Action by defendant in error, as plaintiff, against plaintiffs in error, as defendants, to foreclose two mortgages and a quit-claim deed executed by the latter on real estate belonging to them, for the purpose of securing their promissory note. From a judgment and decree in favor of plaintiff, they bring the case here for review on error.

Mr. CHARLES L. DICKERSON for plaintiffs in error.

Mr. E. W. NORLIN for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court.

The complaint was filed February 23, 1899. The note which the mortgages and quit-claim deed were given to secure, was not due, according to its own terms, until September following. Plaintiff relied for his right to maintain this action upon certain provisions in the mortgages which permitted him to declare the note due at his option. These provisions were as follows:

" * * * If default be made in the payment * * * of taxes * * * then in such case the whole of said principal and interest * * * secured by said note in this mortgage mentioned shall thereupon, at the option of said party of the second part * * * become immediately due and payable, anything herein or in said note contained to the contrary notwithstanding; and this mortgage may then be immediately foreclosed to pay the same, by the said party of the second part * * * . The said parties of the first part will in due season pay all taxes and assessments on said premises * * * and in case of the neglect of first party to pay taxes, said party of the second part * * * may pay such taxes, and all moneys thus paid, with interest thereon * * * shall become so much additional indebtedness secured by this mortgage, and to be paid out of the proceeds of the sale of the lands and premises aforesaid, if not otherwise paid by said parties of the first part."

·The defendants neglected to pay the taxes on the mortgaged premises for the years 1895, 1896 and 1897. February 18th or 20th, 1899, plaintiff paid these taxes. The point is made by counsel for defendants that this action upon his part constituted a waiver to declare the notes due for the non-payment of taxes, his position being that the mortgagee had the option either to pay the taxes himself, on the failure of the mortgagors to pay them, and have an additional lien upon the land for that investment, or he might take advantage of the other provision and declare the debt due by reason of such default, but that he did not have the

right to exercise both options. The conditions of the morgages on this subject are not susceptible of the construction contended for by counsel for defendants. Their clear intent and meaning is, that in the event the mortgagors neglected to pay the taxes on the mortgaged premises, that the mortgagee could declare the note secured thereby due, and at once commence proceedings to foreclose, and that in addition to this right to declare the note due, he had the further right, if he chose to exercise it, to pay such taxes and include the amount so paid in his action to foreclose.

*Jacobs v. Swift*, 56 Pac. Rep. 1127, relied upon by counsel for defendants, is not in point. The conditions of the mortgage in that case were materially different from those in the one at bar. They were as follows:   "Said parties of the first part shall, while any part of said principal or interest remains unpaid, pay all taxes and interest on said mortgage when they become due * * *, and in case of failure to comply with any of these provisions, at the option of the holder said taxes and assessments may be paid * * * by the holder hereof, and the amount so paid shall be a lien on the premises aforesaid, and be secured by this mortgage and be collected in the same manner as the principal debt hereby secured. That if at any time there remains due and unpaid any * * * taxes after the same becomes due * * * then the note by this mortgage secured shall become due and payable * * *, and said holder may at once cause this mortgage to be foreclosed."

According to these conditions, it will be observed that it was only when the taxes became due and remained unpaid that the mortgagee would have the right to declare the principal sum secured by the mortgage due on account of the failure of the mortgagors to comply with their covenant to pay such taxes. If he paid them himself, they were not due and unpaid as against the mortgaged premises, and the court, therefore, held that, construing the conditions of the mortgage as a whole, it was clear

that the intention of the parties was, that the mortgagee should have the option either to pay the taxes himself on failure of the mortgagors to pay them, and have an additional lien upon the land for that investment, or he might take advantage of the other provision and declare the debt due by reason of such default; but that he could not exercise both options, and therefore the election to exercise the latter was a waiver of the right to exercise the first.

At the time this action was commenced the interest on the principal sum appears to have been paid to March 4, 1899. When such interest was paid, with respect to the date when the mortgagee paid the taxes, is not made to appear. It is claimed by counsel for the mortgagors that the receipt of interest by the mortgagee, after default in the payment of taxes, was a waiver upon his part to take advantage of the default in this particular existing at the time of the receipt of such interest. Conceding that the contention of counsel for mortgagors is correct, they are not in a position to take advantage of the waiver claimed, because it does not appear that the mortgagee accepted the interest with knowledge of a default on the part of the mortgagors in the payment of taxes; and this fact not appearing upon the face of the complaint, it is a defense which the mortgagors must specially plead. 28 Enc. Law, 527, *Diehl v. Adams County Ins. Co.,* 98 Am. Dec., 302; 58 Pa. St., 443; *Pence v. Langdon,* 99 U. S., 578; *Traynor v. Johnson,* 1 Head. (Tenn.), 51; *McDermott v. Grimm,* 4 Colo. App., 39; *Colt v. Miller,* 10 Cush., (Mass.) 49; *Palmer v. Sawyer,* 114 Mass., 1; *Freeland v. Ritz,* 154 Mass., 257; Pomeroy's Remedies & Remedial Rights, sec. 554.

Each of the securities sought to be foreclosed in this proceeding embraced different tracts of land; they each secured the same note. The right of the plaintiff to foreclose was based entirely upon the provisions of the mortgages relative to the nonpayment of taxes. No such condition was contained in the quitclaim deed.

The conditions in the mortgages could only be taken advantage of for the purpose of declaring due the note thereby secured for the purpose of foreclosing such mortgages, and no other *White v. Miller*, 52 Minn., 367; *McClelland v. Bishop*, 42 Ohio St., 113; *Owings v. McKenzie*, 133 Mo., 323. The right, therefore, of the mortgagee, to foreclose the quitclaim deed would not accrue until the note matured. For this reason, the trial court erred in decreeing a foreclosure of the quit-claim deed.

It appears from the decree that the amount of taxes paid by the mortgagee was declared a lien upon all the lands described in the mortgages and quit-claim deed; so that the taxes paid upon the premises described in the latter have been made a lien upon those described in the two mortgages. It does not appear what the amount of the taxes on the premises mentioned in the quit-claim deed was. It is impossible, therefore, to ascertain to what extent a lien was awarded as against the premises described in the mortgages on account of taxes paid upon the lands described in the deed. The judgment, therefore, must be reversed as a whole, and the cause remanded for further proceedings in accordance with the views herein expressed, and it is so ordered.

*Reversed and Remanded.*