MARION PLUMMER, APPELLEE, v. BARTON PARK, APPELLEE, IMPLEADED WITH EDMOND BONNEAU ET AL., APPELLANTS.

FILED OCTOBER 16, 1901.    No. 10,096.

1. **Transfer of Mortgage by Administrator to Heir:** FORECLOSURE BY HEIR. Where there are no creditors of an estate and the heirs are competent to, and do, consent to the transfer by the administrator of a mortgage belonging to the estate, to one of the heirs in part satisfaction of his share of the estate, and such transfer is afterwards ratified by the court in which the estate is being administered, such ratification relates back to the transfer and is equivalent to a prior authorization; and such heir, or

his· assignee, may sue in his own name to foreclose the mort-
gage.

2. **Allegation of No Action at Law, Must Be Proved.** In a suit to
foreclose a real estate mortgage the allegation that no action
at law has been brought to recover the mortgage debt must
be proved if it is not admitted.

3. **Stipulation: Taxes: Public Policy.** A stipulation in a mortgage
authorizing the mortgagee to accelerate the maturity of the
mortgage debt if the taxes on the mortgaged premises are not
paid at or before the time they become delinquent, is not for-
bidden by statute nor contrary to public policy and may be
enforced.

4. **Payment of Taxes After Commencement of Action, Does Not De-
prive Mortgagee of Right.** And the payment of such delinquent
taxes after the commencement of an action to foreclose the
mortgage, does not deprive the mortgagee of the right secured
by the exercise of his option.

5. **Rendition of Two Decrees Not Reversible Error.** The rendition of
two decrees in a case at the same term, but not on the same
day, is not reversible error if the rights ·of the litigants' have
been correctly determined.

APPEAL from the district court for Burt county.
Heard below before FAWCETT, J.  *Reversed.*

*H. H. Bowes, Willis G. Sears* and *R. Wade Gillis,* for
appellants.

*M. R. Hopewell* and *John A. Singhaus, contra.*

SULLIVAN, J.

This action was instituted by Marion Plummer against
Barton Park, Edmond Bonneau, and others to foreclose
a real estate mortgage.  The court, upon the issues joined,
found in favor of the plaintiff and awarded him the relief
for which he prayed.  There was also a decree in favor of
the defendant Park foreclosing a second mortgage upon
the land described in the petition.  The two decrees were
rendered at the same term of court, but not upon the same
day.  This appeal is prosecuted by Bonneau.  His objec-
tions to the decree foreclosing the senior lien will be first
considered.  They are (1) that the evidence does not es-
tablish plaintiff's ownership of the mortgage; and (2)

that the evidence does not tend to prove that no legal proceedings had been commenced to recover the mortgage debt. It appears from the record that the mortgage was given to one S. P. Byram who died intestate before this action was begun; that H. D. Byram, as administrator of the estate of the deceased, transferred the mortgage to G. M. Byram who sold and assigned it to the plaintiff; that the transfer by the administrator to G. M. Byram had the sanction and approval of all the heirs of S. P. Byram, but was made without any order of distribution having been entered by the county court of Burt county, the court in which the estate was being administered; that G. M. Byram was one of the heirs of S. P. Byram, and that while this action was pending the county court of Burt county ratified and confirmed the transfer made by the administrator. It also appears that there are no creditors of S. P. Byram's estate. Possession of the note and mortgage was evidence of ownership. *Collins v. Gilbert,* 94 U. S., 753; *Jackson v. Love,* 82 N. Car., 405; *Perot v. Cooper,* 17 Colo., 80; *Rubey v. Culbertson,* 35 Ia., 264; *Commercial Bank v. Burgwyn,* 108 N. Car., 62; *Somervail v. Gillies,* 31 Wis., 152. But it is insisted by counsel for appellant that the administrator could not, without an order of the county court, transfer the title to property which he held in trust. But who can question the transfer? Not the heirs of S. P. Byram, for they consented to it under circumstances that make their consent irrevocable; and not the creditors of the estate, for there are none. In *Stanley v. Mather,* 31 Fed. Rep., 860, Gresham, J., discussing a question identical in substance with the one now before us, said: "It does not follow because the administrator is the proper party to collect the debts due a decedent, and pay creditors, and for that purpose bring suits, that under no circumstances can the heirs at law maintain a suit to collect a debt which has not been collected by the personal representative. Having paid all creditors, and all expenses of administration, the administrators delivered the notes and mortgages to the complainants, the

only persons entitled to them in equity; and there is no reason why their possession should now be disturbed." The plaintiff was entitled to foreclose the mortgage because he was not only the equitable, but also the legal owner of it. The action of the county court confirming and approving the transfer by the administrator to G. M. Byram related back to the time the transfer was made; it had all the force and effect of a prior authorization. *Johnston v. Milwaukee & Wyoming Investment Co.*, 49 Nebr., 68.

The second objection to the decree, namely, that there is a lack of evidence tending to show that no action at law was commenced to recover the mortgage debt, will have to be sustained. It has been several times determined by this court that the statement required by section 850 of the Code of Civil Procedure to be inserted in a petition to foreclose a mortgage is an essential averment which must be proved if put in issue. *Jones v. Burtis,* 57 Nebr., 604; *Kirby v. Shrader,* 58 Nebr., 316; *Miller v. Nicodemus,* 58 Nebr., 352. These decisions must be regarded as conclusive; the question which they decide is now at rest. The plaintiff produced no evidence to show that he had not commenced a law action to recover the mortgage debt and, consequently, the judgment in his favor must be reversed.

We turn now to the other branch of the case. The second mortgage contains this provision: "But if said sum of money or any part thereof, or any interest thereon is not paid when the same is due or if the taxes and assessments against said premises are not paid at or before the time the same by law become delinquent, or if said mortgagors shall fail to keep and perform any of the contracts herein contained on their part to be kept and performed, then the whole of said sum and interest shall immediately become due and payable." The answer and cross-petition of the defendant, Barton Park, was filed February 13, 1897. At that time the taxes charged against the mortgaged premises for the year 1895 were unpaid. For this

reason, among others, Park declared the entire debt due The stipulation in the mortgage authorizing the mortgagee to accelerate the maturity of the debt was a lawful one; it was neither forbidden by statute nor contrary to public policy (*Hartsuff v. Hall*, 58 Nebr., 417; *National Life Ins. Co. v. Butler*, 61 Nebr., 449), and the right secured by the exercise of the option was not lost when Bonneau paid the taxes to the county treasurer in July, 1897.

With respect to the complaint grounded on the fact that two decrees were rendered in the case, it is only necessary to remark that if the two adjudications had correctly determined the rights of the litigants, we are unable to see any good reason why either of them should be set aside. Both must, however, be reversed, and for the same reason. Park made no attempt to prove that he had not instituted a legal action for the collection of the debt secured by his mortgage. The cause is remanded to the district court with direction to try the issues raised by the denial of the eighth paragraph of the petition and the fifth paragraph of the answer of Barton Park, and to render an appropriate decree.

REVERSED AND REMANDED.