# CASES DETERMINED

IN THE

# SUPREME COURT OF NEBRASKA

## SEPTEMBER TERM, 1911.

---

SAMUEL W. HOCKETT, APPELLEE, V. LEVI BURNS ET AL.,
APPELLANTS.

FILED OCTOBER 6, 1911. No. 16,908.

1. **Mortgages:** CONDITIONS: VALIDITY. "A stipulation in a mortgage authorizing the mortgagee to accelerate the maturity of the mortgage debt, if the taxes on the mortgaged premises are not paid at or before the time they become delinquent, is not forbidden by statute, nor contrary to public policy, and may be enforced." *Plummer v. Park,* 62 Neb. 665.

2. ———: DEFAULT: RIGHTS OF MORTGAGEE. "And the payment of such delinquent taxes after the commencement of an action to foreclose the mortgage does not deprive the mortgagee of the right secured by the exercise of his option." *Plummer v. Park,* 62 Neb. 665.

APPEAL from the district court for Clay county: LESLIE
G. HURD, JUDGE. *Affirmed.*

*Ambrose C. Epperson,* for appellants.

*Paul E. Boslaugh,* contra.

REESE, C. J.

This is an action to foreclose a mortgage on real estate. The mortgage was executed on the 18th day of November, 1908, to secure a debt of $3,500, due November 1, 1912, with interest at the rate of 6 per cent. per annum. The exact provision of the mortgage over which the contention in this case arises is not set out in the abstract of the

petition, as should have been done, but it is sufficiently shown by the abstract and briefs that the mortgage contained a stipulation that, if the taxes on the property were not paid before they became delinquent, the debt secured by the mortgage should become due and collectible at once. It is alleged in the petition that the taxes of 1909, amounting to the sum of $32.06, had not been paid, and had become delinquent. For that reason the suit was instituted to foreclose the mortgage.

The answer admitted the execution of the note and mortgage declared upon, but alleged that the mortgage contained the further provision that upon the nonpayment of the taxes by the mortgagors the "mortgagee may pay taxes, and the same, with interest at 10 per cent., shall be repaid by said mortgagor, and this mortgage shall stand as security for the same; that a failure to pay any of said money, either principal or interest, when the same becomes due, or a failure to comply with any of the foregoing agreements, shall cause the whole sum of money herein secured to become due and collectible at once." After the filing of the answer, plaintiff moved the court for a judgment and decree in his favor, on the ground that the answer did not present a defense to the suit. The motion was sustained, and a decree of foreclosure entered. Defendants appeal.

The contention of defendants is that the clause in the mortgage, that the "mortgagee may pay taxes" and add the amount paid to the principal debt, created a duty on the part of the mortgagee to pay the delinquent taxes; that, having failed to do so, he cannot maintain the suit to foreclose, and that the district court erred in entering the decree.

In our view of the case, every phase of the question involved has been decided by this court in *Hartsuff v. Hall*, 58 Neb. 417; *National Life Ins. Co. v. Butler*, 61 Neb. 449; *Plummer v. Park*, 62 Neb. 665; and that the clause permitting plaintiff to pay the taxes simply conferred an option upon him to do so if he so desired, provided he was

willing to increase the amount of his investment in the security to that extent, but imposed no obligation upon him so to do. In *National Life Ins. Co. v. Butler, supra,* we said: "We think by the plain terms of the contracts between the parties the creditor was given not only the right to make the payments which the debtor, in violation of his contract, failed to make, but also the further right, at its option, to declare the entire debt due and proceed immediately to collect it by suit." In *Plummer v. Park, supra,* we held: "A stipulation in a mortgage authorizing the mortgagee to accelerate the maturity of the mortgage debt, if the taxes on the mortgaged premises are not paid at or before the time they become delinquent, is not forbidden by statute, nor contrary to public policy, and may be enforced." Nor is the plaintiff's right to foreclose defeated by the payment of the delinquent taxes by the mortgagor after the commencement of the suit to foreclose, but before decree. *Plummer v. Park, supra.*

We find no error in the ruling and decision of the district court, and its decree is

AFFIRMED.