LEVI BURNS ET AL., APPELLANTS, V. SAMUEL W. HOCKETT ET AL., APPELLEES.

FILED MAY 29, 1912. No. 17,478.

1. **Mortgages**: FORECLOSURE: PARTIES. Where a note and mortgage held as collateral security for the payment of a debt of mortgagees are unconditionally surrendered and redelivered to them, they are proper plaintiffs in a suit to foreclose the mortgage.

2. ———: ———: ———. Where a suit to foreclose a mortgage is properly commenced by the mortgagees, it may be prosecuted to final decree in their names as plaintiffs, though, pending litigation, they transferred their interest in the security and in the cause of action.

APPEAL from the district court for Clay county: LESLIE G. HURD, JUDGE. *Affirmed.*

*L. B. Stiner* and *A. C. Epperson,* for appellants.

*Paul E. Boslaugh, contra.*

Rose, J.

This is a proceeding by mortgagors to open a decree of foreclosure and to grant them a new trial under section 602 of the code, conferring on the district court power to vacate its own judgment, after the term at which it was rendered, for fraud of the successful party. From a judgment of dismissal plaintiffs have appealed.

In the foreclosure suit the mortgagees were plaintiffs and the mortgagors were defendants. In this proceeding the parties are reversed. The mortgage was given to secure payment of a debt of $3,500 and was a lien on a lot in Harvard. It was due according to its terms November 1, 1912, but maturity was accelerated for non-payment of delinquent taxes. The only defense urged at the original hearing was that mortgagees were not authorized by the terms of the mortgage to declare the debt due. The district court held otherwise and the decree of foreclosure was affirmed by this court on an appeal by mortgagors. *Hockett v. Burns*, 90 Neb. 1.

For the purpose of this appeal the position of mortgagors may be summarized thus: In the foreclosure suit mortgagees were not the real parties in interest. Before bringing suit they had sold and transferred the note and mortgage to the Union State Bank and thereafter the assignee was the owner of the security. The bank would not have foreclosed the mortgage for nonpayment of taxes. Of these facts mortgagors had no knowledge while the suit was pending. The bringing and the prosecuting of the action in the name of the mortgagees and the failure to disclose the ownership of the note and mortgage amounted to a fraud for which a new trial should be granted under section 602 of the code.

At the time mortgagees decided to bring the suit, the note and mortgage were in possession of the Union State Bank. By formal assignment they were then held as collateral security for the payment of a debt owing by mortgagees to the bank, but a careful consideration of all

of the evidence requires a finding that the bank had surrendered the note and mortgage to mortgagees without condition before the action was instituted, that they were the legal owners of the security when they filed their petition, and that the bank had full knowledge of their purpose to foreclose the mortgage and of their prosecution of the suit. This finding fully justifies the dismissal from which mortgagors have appealed.

The surrender and the redelivery of the note and mortgage to the payees transferred to them the title thereto. They were the legal holders of the security when they sued mortgagors. It is unnecessary to inquire whether the bank subsequently acquired their interest in the security or in their cause of action or decree. Since the suit was properly commenced by mortgagees, it was legally prosecuted to final decree in their names as plaintiffs. Code, sec. 45.

AFFIRMED.