**BARTLETT BROS. LAND & LOAN CO. v. REES et al.**

No. 9760—Opinion Filed Feb. 8, 1921.

(Syllabus by the Court.)

**Mortgages — Right to Foreclose — Waiver — Effect of Payment of Taxes by Mortgagee.**

A mortgage contained the following provisions: "And the said party of the first part do further covenant to pay all taxes and assessments levied under the laws of Oklahoma on said premises * * * and in case of failure to do so the said party of the second part, its successors or assigns, may pay such taxes and assessments * * * and the amounts paid therefore with interest thereon from the date of payment at the rate of 10 per cent. per annum shall be collectible with, as part of, and in the same manner as the principal sum hereby secured * * * and the said party of the first part do hereby agree that in case of default in the payment of any installment of interest, or in the performance of any of the covenants herein contained, then, or at any time thereafter during default the said party of the second part, its successors or assigns, may, without

notice, declare the entire debt hereby secured immediately due and payable * * * and may proceed to foreclose this mortgage." Held, the mortgagee, by payment of delinquent taxes which the mortgagor had covenanted to pay and had failed to pay, did not thereby waive its right to foreclose the mortgage.

Error from District Court, Wagoner County; Chas. G. Watts, Judge.

Action by the Bartlett Bros. Land & Loan Company against Ed L. Rees, Margaret M. Rees, H. P. Showalter, Edwin S. Ripley, J. L. DeGroot, and W. K. Foster to foreclose mortgage. Demurrer to petition sustained, and plaintiff brings error. Reversed, with directions.

Robert F. Flair and John J. Hildreth, for plaintiff in error.

John C. Graves, for defendants in error.

HARRISON, C. J. This cause comes here upon transcript. The plaintiff below, Bartlett Bros. Land & Loan Company, brought suit against Ed L. Rees et al., to foreclose a mortgage for $2,000 on a tract of land situated in Wagoner county. The trial court sustained a demurrer to the petition for failure to state a cause of action, and plaintiff below elected to stand upon its petition and brings the case to this court.

It appears that Rees, the mortgagor, had failed to pay the taxes on the mortgaged property, and that the land company, upon discovery of such failure to pay the taxes then due, paid same in October, 1917; that is, in October, 1917 the land company paid the taxes due and which remained unpaid for the years 1914, 1915, and 1916, and thereupon brought this action to foreclose because of default by Rees in payment of the taxes he obligated himself to pay in the mortgage to the land company. Defendants in error contend, in effect, that the right to foreclose which accrued by reason of default of Rees in payment of taxes was waived by the mortgagee by payment of the taxes itself. This is the only question presented in the case, and the only case cited and relied upon by defendants in error to support their contention is Jacobs v. Swift (Kan. App.) 58 Pac. 1127. Plaintiff in error contends that under the terms of the mortgage the mortgagee was authorized to pay such delinquent taxes without waiving its right to foreclose by reason of default of the mortgagor to pay same. The mortgage provides:

"And the said party of the first part do further covenant to pay all taxes and assessments levied under the laws of Oklahoma

8—80

on said premises * * * and in case of failure to do so the said party of the second part, its successors or assigns, may pay such taxes and assessments * * * and the amounts paid therefore with interest thereon from the date of payment at the rate of 10 per cent. per annum shall be collectible with, as part of, and in the same manner as the principal sum hereby secured * * * and the said party of the first part do hereby agree that in case of default in the payment of any installment of interest, or in the performance of any of the covenants herein contained, then, or at any time thereafter during default the said party of the second part, its successors or assigns, may, without notice, declare the entire debt hereby secured immediately due and payable * * * and may proceed to foreclose this mortgage."

It will be observed that under the above provisions of the mortgage the mortgagor agreed to pay all taxes, and further agreed that if he failed to do so the mortgagee might pay same, and that for default in the performance of his covenants to pay the taxes the mortgagee might then, or at any time thereafter, declare the entire debt due and payable, and proceed to foreclose the mortgage. It is clear from the above provisions in the mortgage contract that the mortgagor gave to the mortgagee the identical right which defendants in error claim it did not have. This provision in a mortgage contract was held to be valid in Stancliff v. Norton, 11 Kan. 218, and it is recognized as a valid provision in a number of decisions since rendered. Elwood v. Wolcott, 32 Kan. 526, 4 Pac. 1056; Johnson v. Irwin (Wash.) 48 Pac. 345; Martin v. Clover, 17 N. Y. Supp. 638; Brickel v. Batchelder, 62 Cal. 623; Rasmussen v. Levin, 28 Colo. 448, 65 Pac. 94.

In National Life Ins. Co. v. Butler, 61 Neb. 449, 85 N. W. 437, 87 Am. St. Rep. 462, it was held (quoting from 87 Am. St. Rep.) :

"If a mortgage provides that upon the failure of the mortgagor to pay delinquent taxes, assessments, and insurance, the mortgagee may make such payments and add them to the original debt, that the mortgage shall stand as security therefor, and that the mortgagee may thereupon declare the whole debt due, and sue to foreclose the mortgage immediately, he may not only make the payments for which the mortgagor is in default, but may also elect to declare the whole debt due, and proceed to foreclose the mortgage."

Wiltsie on Mortgage Foreclosure, vol. 1, sec. 58, pp. 75-79, announces the following text:

"The fact that the mortgagee has the right to pay the taxes and to charge them to the mortgagor, the same to become a part of the mortgage lien, makes no difference, because the right to foreclose is not waived or lost nor the default condoned by the mortgagee on his paying the taxes or assessments, and charging the amount thereof to the mortgagor"—citing Brickell v. Batchelder, 62 Cal. 623; Hockett v. Burns (Neb.) 132 N. W. 718; National Ins. Co. v. Butler, 61 Neb. 449, 85 N. W. 437, 87 Am. St. Rep. 462; Hartsuff v. Hall, 58 Neb. 417, 78 N. W. 716; Rasmussen v. Levin, 28 Colo. 448, 65 Pac. 94—an examination of which shows that the above text is adequately supported.

In the case of Rasmussen v. Levin, 28 Colo. 448, 65 Pac. 94, the case of Jacobs v. Swift (Kan. App.) 58 Pac. 1127, relied upon herein by defendants in error, was discussed and clearly distinguished from and held not applicable to the facts in Rasmussen v. Levin. The case of Rasmussen v. Levin involved the identical question involved in the case at bar, and is a leading case on the question.

Under the provisions of the mortgage herein, and under the decisions above quoted upon similar provisions, it is the opinion of this court that the Bartlett Bros. Land & Loan Company, mortgagee, by the payment of delinquent taxes which the mortgagor had covenanted to pay and had failed to pay, did not waive its right to foreclose by reason of the default, and that the trial court erred in sustaining the demurrer to plaintiff's petition.

The judgment is reversed, with directions to overrule the demurrer and reinstate plaintiff's petition, and grant the parties a trial.

KANE, JOHNSON, MILLER, and KENNAMER, JJ., concur.