CHARLES S. FRYER, APPELLEE, V. WILLIAM I. FRYER ET AL., APPELLEES; COLUMBIA NATIONAL BANK ET AL., APPELLANTS.

FILED NOVEMBER 11, 1905.   No. 13,971.

Mortgages: FORECLOSURE: EVIDENCE. The rule requiring evidence in support of the allegation, in a petition for the foreclosure of a mortgage, that no proceedings at law have been had, etc., is available to an attaching creditor resisting the foreclosure and plaintiff's claim of priority.

APPEAL from the district court for Lancaster county: EDWARD P. HOLMES, JUDGE. *Reversed.*

*Wilson & Brown* and *Sawyer & Snell,* for appellants.

*George A. Adams, contra.*

ALBERT, C.

The plaintiff brought this suit to foreclose a mortgage which was given in the form of an absolute deed for the purpose of securing, as it is alleged in the petition, a certain indebtedness. The petition contains the usual allegation to the effect that no proceedings at law have been had for the recovery of the debt, or any part thereof. This allegation was put in issue by the appellants, the Columbia National Bank and the First National Bank,

who were among the parties defendant in the court below, each claiming a lien on the property, superior to that of the plaintiff, by virtue of certain attachments levied upon the mortgaged premises in actions instituted by them, respectively, against the principal mortgage debtor. The mortgagors made default. The court entered a decree of foreclosure, giving the mortgagee a first lien.

It is now claimed that there was a failure of proof on the negative proposition that no proceedings at law have been had for the recovery of his debt, or any part thereof. We have searched the record with more than usual care for evidence tending to support that proposition, and confess to an inability to find the slightest evidence tending in that direction. The plaintiff, however, contends that the rule requiring such proof does not apply to the appellants, who are not mortgagors, but merely claimants under attachment liens. This contention finds some slight support in dictum to be found in *Henry & Coatsworth Co. v. McCurdy,* 36 Neb. 863, where doubt is expressed as to whether an incumbrancer seeking to establish and foreclose his incumbrance in the same action, may invoke that rule, "the provision being," say the court, "for the benefit of the mortgagor." No authorities are cited in support of that position, nor was the point necessarily involved in that case. A different conclusion was reached in *Pratt v. Galloway,* 1 Neb. (Unof.) 168. A rehearing was had before another department, and the same conclusion reached in an opinion by Oldham, C., concurred in by both of his associates. 1 Neb. (Unof.) 172. We are unable to discover, either in the statute requiring such averment, or the reason upon which such statute is based, any good reason for holding that the failure of proof thereon is available only to the mortgagor, or those claiming under him as grantees. That a failure of proof on this point is fatal, when the question is raised by the mortgagor or his grantees, is settled by numerous decisions of this court. It is equally fatal, we think, when raised by attaching creditors as in this case. *Plumber v. Park,* 62 Neb. 665.

The question of the sufficiency of the evidence to sustain the decree in other particulars is raised. But it would be unprofitable to go into that question, because whatever conclusion we should reach thereon would not change the recommendation which, in view of the entire record, we have agreed upon.

It is therefore recommended that the decree of the district court be reversed and the cause remanded for further proceedings acording to law.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.