WESTERN ASSURANCE COMPANY OF TORONTO V. JOSEPH KLEIN.

FILED JUNE 16, 1896. No. 6724.

1. Judgments: ORDER TO OPEN: EVIDENCE. The word "adjudged," found in section 606 of the Code of Civil Procedure, means judicially determined. Therefore, although a district court may find that the grounds, or some of them, specified in section 602 of the Code exist for the vacation of a judgment, it should not set such judgment aside, unless, after a hearing of the applicant's evidence, the court shall find and decide that such applicant has made out a *prima facie* valid defense or cause of action.

2. ———: ———: ———: FRAUD. The evidence examined, and *held* to sustain the finding of the district court that the judgment sought to be vacated by the action had not been procured by the fraud of the party obtaining said judgment, within the meaning of section 602 of the Code.

ERROR from the district court of Cass county. Tried below before CHAPMAN, J.

*C. S. Polk* and *Fyke, Yates & Fyke,* for plaintiff in error.

*Byron Clark, contra.*

RAGAN, C.

The Western Assurance Company of Toronto, Canada, brought this action to the district court of Cass county against Joseph Klein to set aside a judgment rendered by default in said court in favor of Klein and against the assurance company on the 8th day of November, 1893. The district court, after hearing the evidence, entered a decree dismissing the action of the assurance company and it prosecutes to this court a petition in error.

1. The fourth subdivision of section 602 of the Code of Civil Procedure provides that a district court shall have power to vacate or modify its own judgment or orders after the term at which they were rendered "for fraud practiced by the successful party in obtaining the judgment," and it is upon this subdivision of said section that the action of the assurance company is based. The assurance company alleged in its petition, in substance, that before the answer day in the case of Klein v. The Assurance Company it filed a motion to quash the service in that action; that sometime after that its attorney notified the attorney of Klein of the filing of said motion and inquired of him when it could be taken up, and that Klein's attorney answered that he thought he might submit to the motion and asked leave to have the sheriff's return amended; that its attorney then said to Klein's attorney that this would be all right, but that when the motion to quash was disposed of he desired to file an answer for the assurance company, as he had one prepared; that there was no hurry about disposing of the motion as the case could not be tried at that—the September—term, and Klein's attorney responded that the case could not be tried at that term; that he was in no hurry to try it; that he did not wish to try it at that term, as he would

like to see the case settled; that a proposition made by Klein's counsel to settle the case was at that time under consideration by the assurance company; that subsequent to this conversation the attorneys for the respective parties had a consultation in regard to the settlement of the case and at that time no reference was made to the motion pending to quash the service; that on the 20th of October, 1893, the jury for the September term was discharged for that term and the court adjourned to October 30; on this date court again convened and adjourned to the 31st of October; that on said last date court again convened and adjourned to meet on the 4th of November; that on the 31st of October the judge stated that the court would be adjourned to the 4th of November to dispose of some matters he then had under advisement and that he would then adjourn the court until sometime in December, when he would hold an equity term; that on the 4th of November, the judge being absent, the clerk of the court adjourned it from day to day to the 8th of November; that on the 7th of November the attorney for the assurance company in a conversation with the judge of the court asked him if it would be in session on the following day, and was informed by the judge that it would for a short time to dispose of matters under advisement; that on the 8th of November, 1893, the court convened at 10 o'clock in the forenoon and after disposing of matters under advisement the case of Klein v. The Assurance Company was called, default taken, and judgment entered in the absence of the counsel for the assurance company; that the motion to quash the service of summons had been on the 20th of October, 1893, without notice to the attorney of the assurance company, called up and disposed of by Klein's attorney confessing the motion and the sheriff amending his return; that the court adjourned without day on the 8th of November, 1893, and before counsel for the assurance company learned that judgment had been rendered by default against his client. The petition further alleged that the

counsel for the assurance company relied on the statements made to him by the attorney for Klein and was thereby prevented from making a defense to the action, though the assurance company had a meritorious defense to Klein's action.   The answer of Klein traversed all the allegations of the petition relating to the conversations between the attorneys for the respective parties and between the attorney for the assurance company and the judge of the court, and denied that the assurance company had any defense to the action of Klein.

The undisputed evidence shows that the September term of court did not finally adjourn until the 8th day of November; that the motion to quash the service was submitted to and the sheriff's return amended on the 20th of October; that the court was in session on the 30th of October and again on the 31st of October; that the counsel for the assurance company resided in the city of Plattsmouth, where the court was held; that he knew the court was in session on the morning of the 8th of November; that he was in the court house, but not in the court room, on that morning while the court was in session, and that the assurance company was in default of an answer and had been from the 20th of October. The evidence on behalf of the assurance company tended to support the allegations of its petition, while the evidence on behalf of Klein tended to contradict the allegations of the petition.   In other words, the evidence on which the district court based the finding and judgment complained of here was conflicting.   It has been so many times said by this court that in cases tried to a court without a jury the finding on questions of fact is entitled to the same weight and the same presumption of correctness as the verdict of a jury that it is unnecessary to cite the cases.   Possibly, had we been trying the case, we would have reached a different conclusion from that reached by the district court, but we have no right for that reason to disturb the finding.   We have carefully examined all the evidence, and it is sufficient to support the finding made by the district court.

2. But there is another reason why the judgment under consideration cannot be disturbed. As already stated, the assurance company alleged in its petition filed to vacate the judgment that it had a meritorious defense to Klein's action, and tendered with said petition an answer which stated a defense to that action; but on the trial of the case, to vacate the judgment, the assurance company offered no evidence to support the allegations alleged in its petition and answer attached thereto as a defense to Klein's action. Section 606 of the Code of Civil Procedure provides: "A judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment is rendered, or, if the plaintiff seeks its vacation, that there is a valid cause of action." Now the word "adjudged" means adjudicated, and adjudicated means judicially determined. (Anderson's Law Dictionary.) Section 605 of the Code provides: "The court may first try and decide upon the grounds to vacate or modify a judgment or order before trying or deciding upon the validity of the defense or cause of action." Although a district court may find that the grounds, or some of them, specified in said section 602 of the Code of Civil Procedure exist for the vacation or modification of a judgment, it should not therefore set aside such judgment, unless after a hearing of the applicant's evidence it shall adjudge—determine—that the applicant has made out a *prima facie* defense or cause of action. If these provisions of the Code did not exist, still the district courts of the state, in the exercise of their general equity powers, might, in a proper case and on sufficient grounds, set aside a judgment after the term at which it was rendered; but certainly no court of equity would set aside a judgment unless the party applying therefor should aver and prove that he had a meritorious defense or cause of action; in other words, a court of equity would not do an idle thing by setting aside a judgment unless it appeared that if the relief sought should be granted a different re-

sult would probably follow. The facts stated in the petition of the assurance company for the vacation of the judgment rendered against it in favor of Klein did not invoke the general equity powers of the district court, but the petition of the assurance company, as already stated, was framed under said section 602 of the Code, and therefore we think that to authorize the district court to have set aside the judgment it must have made a finding—it must have adjudged—based on evidence introduced by the assurance company that in its, the court's, opinion the assurance company had a defense to Klein's action. In *Thompson v. Sharp*, 17 Neb., 69, it was held that in proceedings instituted under the provisions of the Code to vacate a judgment after the term at which it was rendered the court must first pass upon the grounds to vacate the judgment, and if the grounds alleged for its vacation were established, the court should next inquire into the cause of action or defense, and if both these matters were found in favor of the applicant, the judgment should be set aside; otherwise not. In *Osborn v. Gehr*, 29 Neb., 661, it was held that a court of equity would not set aside a judgment regular on its face unless it was shown that no cause of action existed at the time in favor of the party obtaining the judgment. See, also, *Janes v. Howell*, 37 Neb., 320, and *Bond v. Wycoff*, 42 Neb., 214, where the court, in construing said section 606 of the Code, said: "Before plaintiffs in error were entitled to have the judgment against them set aside, it was necessary for them to allege and prove that they had a valid defense, in whole or in part, to the cause of action stated in the petition." The judgment of the district court is

AFFIRMED.