ANNA L. FISK V. RUSSELL THORP, JR., ADMINISTRATOR, ET AL.

60 713
61 497

FILED NOVEMBER 8, 1900. No. 11,404.

1. Bill of Exceptions: EVIDENCE: PRESUMPTION. In the absence of a proper bill of exceptions, on error to this court, it will be conclusively presumed that there was introduced before the trial court sufficient evidence to sustain the order or judgment rendered.

2. Appearance: JURISDICTION. By appearing in a case, and invoking the powers of the court to set aside a judgment as having been irregularly obtained, jurisdiction is given to the court over the parties appearing as to all proceedings had in the case.

3. ———: VACATION OF JUDGMENT: AUTHORITY OF COURT. Such appearance in no way militates against the authority of the court to hear and determine an application to vacate a judgment because of an alleged irregularity in obtaining it.

4. Vacation of Judgment: TENDER OF ANSWER: MOTION: STATUTES. Under the provisions of section 602 *et seq.* of the Civil Code, in a proceeding to vacate a judgment on account of irregularity in obtaining it, it is not necessary to tender an answer with a motion to vacate such judgment. Under these provisions, the court may first try and determine upon the grounds to vacate, and then determine whether there is a valid defense. This may be found from the evidence offered in support of the motion filed asking the vacation of the judgment.

ERROR to the district court for Sioux county. Tried below before WESTOVER, J. *Affirmed.*

*Allen G. Fisher*, for plaintiff in error.

*Albert W. Crites, contra.*

HOLCOMB, J.

We are asked in this case to review the proceeding had in the district court on a motion to set aside and vacate a deficiency judgment rendered against defendants in error, and reverse the order entered sustaining such motion. The motion was filed after the term at which the judgment was rendered, and the application is made under the provisions of subdivision 3, section 602, of the Civil Code, on the ground of "irregularity in obtaining a judgment."

By error proceeding, from a similar order of the trial court on the same motion, the case has once before been here for review. In the opinion then rendered, it was held that the court had no jurisdiction at chambers to hear and decide the motion, and was also without power to order a change of venue of the hearing on its own motion, and the order entered vacating the judgment was reversed, and the cause remanded for further proceedings. *Fisk v. Thorp*, 51 Nebr., 1. The principal error alleged and relied on in the present proceedings, as argued in the brief of counsel for plaintiff in error, relates to the alleged insufficiency of the evidence to support the order entered by the trial court vacating the deficiency judgment. We are precluded from examining into or considering the alleged error complained of in this respect, for the reason that no proper bill of exceptions containing the evidence on which the trial judge acted has been settled, allowed and preserved as a part of the record in the case. We have heretofore, on the application of the defendants in error, quashed the purported bill of exceptions presented as a part of the record.

In its absence, we are without means to determine upon what evidence the court acted, and all presumptions in the case should, under the uniform holdings of this court, be resolved in favor of the correctness of the orders and judgments of the trial court. In the absence of a proper bill of exceptions, it will be conclusively presumed that there was introduced before the trial court sufficient evidence to sustain the order entered. *Van Etten v. Test*, 49 Nebr., 725, 728. This disposes of all questions presented for the determination of which resort must be had to the evidence in the case.

The question of jurisdiction of the trial court over the defendants in error is argued, but we do not understand that this question arises in the case. Whatever may have been the status of the case as to jurisdiction, the defendants in error have admitted and acknowledged jurisdiction by appearing and invoking the powers of the court to set aside the deficiency judgment rendered against them. Such appearance gives to the court jurisdiction over them as to all proceedings of the entire case. *Crowell v. Galloway*, 3 Nebr., 215, 220; *Warren v. Dick*, 17 Nebr., 241, 243. But this fact in no way militates against the authority of the court to hear the application to vacate the judgment because of the alleged irregularity in obtaining it.

It is also urged that the court erred in rendering the order vacating the judgment without an answer being filed tendering a defense to the plaintiff's cause of action. By reference to sections 604, 605 and 606 of the Code it will be observed that the proceedings to vacate a judgment on account of irregularity in obtaining it shall be by motion; that the court may first try and decide upon the grounds to vacate, before trying or deciding the validity of the defense, and that a judgment shall not be vacated until it is adjudged that there is a valid defense. *Western Assurance Co. v. Klein*, 48 Nebr., 904. The proceedings thus indicated seem to have been followed, and in the absence of any evidence, we assume the court was

justified in reaching the conclusion shown by the order entered therein. It is not required in such instances that there shall be tendered an answer, but only that the court shall find from the evidence that a valid defense exists. This may be found from evidence offered in support of the motion filed asking the vacation of the judgment.

It is also insisted that the motion to vacate the judgment, being a joint one, ought not to have been sustained, because the proof was insufficient as to the defendant Russell Thorp. Whether it was or not, we are unable to ascertain from the record before us, and must, as before stated, assume that it was.

We find no error in the record, and the order complained of is accordingly

AFFIRMED.