S. W. McGrew, Executor of the Estate of Alice M. Coleman, deceased, v. State Bank of Humboldt, Nebraska.

Filed November 8, 1900.   No. 11,184.

1. Allowance of Claim Against Estate: Entry of Record Nunc Pro Tunc. An order allowing a claim against an estate on November 15, 1897, *held* to be a valid judgment as of that date, and the fact that it was not journalized or spread at large upon the probate record until April 27, following, does not affect its validity as such judgment from the time of its actual rendition.

2. ————: ————: Remedy by Appeal. *Held, also,* That the order of the probate judge, allowing the claim in controversy as a proper demand against the estate, was valid and binding, and had the force and effect of a judgment against the estate, until appealed from, or, by other proceedings, reversed or vacated in some of the modes prescribed by statute.

3. Judgment: Entry. *Held, also,* That the judgment of the probate court was not the act of recording the judgment entered on the probate record on April 27, but that which it considered, adjudged, and decided on November 15, previous, when, in acting upon a matter over which it had authority and jurisdiction, it allowed the claim in controversy.

4. ———: Expiration of Term. *Held,* That the judgment having been rendered on November 15, 1897, and the term of court at which it was rendered having expired, the probate court was without authority or jurisdiction to vacate or modify the judgment at its discretion thereafter, and can only act in respect to the matter according to fixed principles of law.

5. ———: Motion to Vacate. *Held, also,* That the motion to vacate the judgment having been presented at a term subsequent to its rendition, the court could not properly grant the same, except upon some of the grounds enumerated in the statute; and none being presented, its action in vacating its former judgment was erroneous.

Error to the district court for Gage county. Tried below before Letton, J. *Affirmed.*

*B. Frank Neal* and *H. J. Dobbs,* for plaintiff in error.

*Isham Reavis* and *Reavis & Reavis, contra.*

Holcomb, J.

This cause is submitted on a printed abstract of the record, and briefs of counsel. From the record it appears that in the due course of administration of the estate of Alice M. Coleman, deceased, had in the probate court of Gage county, there was filed on the 9th day of October, 1897, a claim against said estate in the form of a promissory note, executed by the said Alice M. Coleman. On November 15, the claim was allowed by the probate judge as a proper demand against the estate, the order of allowance being evidenced by the following record of indorsement on the claim filed for allowance: "Allowed for $355.33 this Nov. 15, 1897. M. B. Davis, County Judge." On the note was the following entry or indorsement: "This Nov. 15, 1897, allowed against the estate of R. W. Coleman and also Alice M. Coleman. M. B. Davis, County Judge." There appears from the record presented no proceedings in said estate had prior thereto, and we assume that a proper notice had been given for the filing of claims against the estate and fixing a day for their allowance and adjustment, and that in pursu-

ance of such notice, the claim in controversy was filed and allowed. On March 4, following, there was filed in the probate court a motion to set aside the order of allowance of the claim and grant a rehearing. This motion was presented by the plaintiff in error as executrix of the estate of Alice M. Coleman, deceased. The motion assigned three grounds as reasons for vacating the judgment: First, that said note was not signed by the said Alice M. Coleman, nor by her authorized to be signed; second, that it was not executed on the faith and credit of the said estate, and was, in fact, the note of R. W. Coleman, and made for his sole and individual use and benefit, and that said deceased had no interest in the note or benefit therefrom, and as to her and her estate is fraudulent and void; third, that it is an attempt to bind the estate of the wife for the separate and individual debts of her husband other than for necessaries, and is within the inhibitions of chapter 53, Compiled Statutes of Nebraska. A hearing was had on the motion on March 11, which resulted in an order vacating and setting aside the order of allowance, and a hearing on the claim was set for April 6, and on that day continued to April 27. On the day set for hearing, objections were interposed by the claimant to the proceedings had under the motion filed to vacate the order of allowance, for want of jurisdiction, which were overruled, and, upon further hearing, the claim was disallowed. Upon error proceeding prosecuted to the district court the proceedings had in the probate court on the motion to vacate the judgment of allowance were reversed and set aside, and the order of allowance first made reinstated. From the judgment of reversal rendered in the district court the case is brought here on petition in error for review.

The plaintiff in error bases his argument in favor of a reversal of the judgment of the district court upon the proposition that the judgment of allowance of the claim in controversy was not rendered until April 27, on the same day the claim was disallowed, and that, therefore,

the probate judge was authorized to vacate and set aside the judgment of allowance, it being at the same term it was rendered. This contention rests upon the enrollment or entry of the judgment of allowance upon the probate records, as shown by the following record made by the probate judge of said county:

"In re Estate of Alice M. Coleman, deceased.

"Claim of State Bank of Humboldt, Nebraska, against the estate of Alice M. Coleman, deceased, was filed October 9, 1897, a copy of which is as follows:

"In the County Court of Gage County, Nebraska.

"In the matter of the estate of A. M. Coleman, Deceased,

"In Account with State Bank of Humboldt, Nebraska.
"Address, Humboldt, Nebraska.

| Date. | Description of Claim. | Dr Amount. | Cr. Total. |
|---|---|---|---|
| | One note dated April 4, 1897 for................. due in 90 days with Int. at 10 % per annum from maturity on which Int. has been paid to Sept. 20, '97, the same being signed by R. W. Coleman and A. M. Coleman, copy of note being as follows: | ......... | $350 00 |

"$350.00.          HUMBOLDT, NEB., Apr. 14, 1897.

"Ninety days after date we, or either of us, promise to pay to the order of the State Bank of Humboldt, three hundred fifty and no 100 dollars, for value received, with ten per cent interest per annum from maturity until paid.

"Due Sept 20 97.  No. 5092.          R. W. COLEMAN.

"P. O. Beatrice, Nebr.          A. M. COLEMAN.

"[On the margin]: Payable at the State Bank of Humboldt, Humboldt, Nebraska.

"Said claim is indorsed as follows: 'Allowed for $355.33 this Nov. 15th, 1897.  M. B. Davis, County Judge.'

"Said note is indorsed as follows: 'This Nov. 15, 1897, allowed against the estate of R. W. Coleman and also Alice M. Coleman.  M. B. Davis, County Judge.'

"STATE OF NEBRASKA, COUNTY OF GAGE, SS.

"I hereby certify that the foregoing record was made April 27th 1898 in the county court of Gage county, Nebraska.           M. B. DAVIS, *County Judge.*"

We are unable to agree with counsel in his contention in this regard. We think it is established by the record that the order allowing the claim was made as certified in the record, on November 15, 1897. It was on this date, as shown by the record, that the judgment was rendered, and the fact that it was not journalized or spread at large upon the record until April 27 does not militate against its validity as a binding judgment from the time of its actual rendition. The executor, in his motion to vacate the judgment and grant a rehearing, has recognized the judgment as having been rendered at the time it purports to be. The entry of the judgment on the record of the probate court is the evidence of its rendition, but is not the act of judicially determining the case and making the order of allowance. It is the evidence of the judgment that was rendered by the probate judge, and proves its rendition to have been made on November 15, previous. The order of the probate judge allowing the claim in controversy as a proper demand against the estate was valid and binding, and had the force and effect of a judgment against the estate, until appealed from, or, by other proceedings, reversed or vacated in some of the modes prescribed by statute. *McCormick v. McCormick,* 53 Nebr., 255; *Sheedy v. Sheedy,* 36 Nebr., 373; *Yeatman v. Yeatman,* 35 Nebr., 422; *Rogers v. Redick,* 10 Nebr., 332. The judgment of the probate court was not the act of recording the judgment entered on the probate record on April 27, but that which it considered, adjudged and decided on November 15 previous, when, acting upon a matter over which it had authority and jurisdiction, it allowed the claim presented as a legal demand against the estate for the sum of $355.33. Freeman, Judgments, sec. 38; *Van Orman v. Phelps,* 9 Barb. [N. Y.], 500; *Fleet v. Youngs,* 11 Wend. [N. Y.], 522, 528; *Crim v. Kessing,* 89

Cal., 478; *Los Angeles County Bank v. Raynor*, 61 Cal., 145; *Sieber v. Frink*, 7 Colo., 148; *Baker v. Baker*, 51 Wis., 538. The judgment having been rendered on November 15, 1897, and the term of court at which it was rendered having expired, the probate court was without authority or jurisdiction to vacate or modify the judgment at its discretion thereafter, and could only act in respect to the matter according to fixed principles of law. *Slater v. Skirving*, 45 Nebr., 594; *Brownlee v. Davidson*, 28 Nebr., 785; *Volland v. Wilcox*, 17 Nebr., 46; *Hansen v. Bergquist*, 9 Nebr., 269.

By section 602 of the Code, provision is made whereby in the county and district courts judgments or orders may be reversed, vacated or modified by the court rendering them after the term at which rendered for any of the reasons therein mentioned. In this case, under the motion to vacate the judgment, no reasons were assigned which are contemplated in the section referred to. In fact, no grounds for setting aside the judgment are presented. All that is claimed as a basis for the proposed action is that the representative of the deceased person had a valid defense against the claim allowed by the probate judge. This alone is not sufficient; there must also exist as a cause for vacating a judgment some of the grounds mentioned in the statute. We are cited to a number of authorities holding to the proposition that the time for taking an appeal does not begin until the enrollment or entry of the judgment sought to be appealed from. We do not think the principles alluded to governing appeals are applicable to the statute with reference to applications to vacate or modify judgments after the term at which rendered. Whether or not the entry of the judgment at the date mentioned constitutes an irregularity in obtaining it, as is said in *Slater v. Skirving, supra*, it is not necessary to determine. The general rule is that a judgment is rendered, and the time begins to run, from the time it is announced as the decision of the court having jurisdiction over the matter decided.

Says Post, J., in *Bickel v. Dutcher*, 35 Nebr., 761, 764: "We can agree with the learned author of the majority opinion [referring to *Horn v. Miller*, 20 Nebr., 98], that for some, perhaps most, purposes the date of a judgment is the time when the decision was made and announced by the court, rather than the time when it was entered upon the records." In this case, we think the conclusion is irresistible that the judgment of allowance was rendered November 15th, 1897, and the motion to vacate the same having been presented at a term subsequent thereto, the court could not properly grant the same, except upon some of the grounds enumerated in the statute; and none being presented, its action in vacating its former judgment was erroneous, and was rightfully held so by the judgment of the district court on error to that tribunal.

It follows that the judgment of the district court is right, and should be affirmed, which is accordingly done.

AFFIRMED.