SAMUEL WILLMS, GUARDIAN, APPELLANT, V. GEORGE PLAMBECK, EXECUTOR, ET AL., APPELLEES.

FILED MARCH 22, 1906.   No. 14,144.

1. **Wills: PROBATE: SETTING ASIDE: BURDEN OF PROOF.** In an action of an equitable nature to set aside the probate of a will on account of fraud, the burden of proof rests upon the applicant to show that the court admitting the will to probate was without jurisdiction, or that some wrong was committed in the proceeding, which amounts to a fraud, prejudicial to the rights of the applicant.

2. **Evidence examined, and found insufficient to support the petition.**

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*Jefferis & Howell,* for appellant.

*McCoy & Olmsted, contra.*

EPPERSON, C.

On the 10th day of July, 1899, Peter Glandt, a citizen of Douglas county, who was then very sick and confined to his bed, executed an instrument afterwards admitted to probate as his last will and testament. He recovered from this illness, and for three years or more attended to the ordinary affairs of life. He died on January 22, 1903, leaving surviving him eight adult children, who are beneficiaries under the will, and three minor grandchildren, who were the only children of a deceased daughter. They, too, are beneficiaries under the will of their grandfather, but not to as great an extent as they would participate, had no will been made. Soon after his death a petition was filed in the county court of Douglas county for the probate of this will. Notice of this petition was published under the direction of the county court of Douglas county three successive weeks prior to the day of hearing in the Western Laborer, a weekly newspaper printed and published in said Douglas county. On the 3d day of February, 1903, the county court appointed for the three grandchildren a guardian *ad litem,* who on the same day filed a written acceptance of the appointment. On the 21st day of February, the time mentioned in said notice, the guardian *ad litem* appeared in the county court, filed his answer to the petition for probate of the will, denied that the alleged will was the last will and testament of said Peter Glandt, denied each and every allegation in said petition, and asked that the court require affirmative proof of all the matters set out and of the genuineness of said will. The county court received the evidence of but one of the three attesting witnesses, and admitted the will to probate. Subsequently, appellant was appointed guardian of the three grandchildren, and as such guardian, on the 16th day of July, 1903, instituted this action in the county court to set aside and annul the probate of the will. From the judgment of the county court an appeal was taken to

the district court for Douglas county, and a trial had, resulting in a dismissal of appellant's cause.

The action is equitable in its nature. In his petition appellant alleged that the notice for the probate of the will was published in an obscure paper, printed and published in the city of Omaha and circulating almost exclusively in the labor circles, and having no circulation in the vicinity where his wards reside; that the selection of the guardian *ad litem* was at the instigation of the proponent, and that the appointment prior to the completion of the notice was without jurisdiction and void; that the court had no jurisdiction to admit the will to probate as he did upon the evidence of only one of the three attesting witnesses, the guardian *ad litem* having filed his answer as above shown; and further alleged that said purported will, when the same was presented for probate, was mutilated and destroyed, in that a part of the fourth sheet constituting said will was torn off; that deceased had revoked and destroyed said will by erasing his name therefrom by running a heavy ink line through his name; and that he was the victim of undue influence exerted by some of his children, beneficiaries under said will; and also alleged that the guardian *ad litem* made no investigation concerning the execution of said will, nor the rights of said minors. The lack of diligence cannot be chargeable to these children, and it is unnecessary for them to tender an excuse for not appearing on the date of the probate of the will. Appellant does not state in his petition that the proceedings complained of were fraudulent. But the admission to probate of a will, which had, in fact, been mutilated or otherwise revoked, would have been a gross violation of the rights of the grandchildren. And for these reasons the petition stated a cause of action, and, had the evidence sustained such allegations of fact, the probate of the will should have been set aside and the children permitted to file objections.

The evidence presented by the appellant shows the will written upon several sheets of ordinary ruled paper. The

fourth sheet is shorter than the others, four lines at the bottom having been cut off after the same had been written. There is also a heavy ink line intersecting the lower portion of the letters forming the given name of the deceased and the first two letters of his surname. Upon these facts the appellant asks the court to find that said instrument was mutilated by the deceased, and that the ink line was drawn through his name for the purpose of canceling his signature and revoking said will. The evidence introduced by the appellees, however, shows to our satisfaction that the ink mark was placed upon said paper, prior to the signature of the deceased, as a guide line for him to follow in affixing his signature thereto. We are favored with the original will, which is presented in the bill of exceptions, and, also, by the original signature of the deceased to several checks, in which the same peculiarities exist. Appellees also present the testimony of the amanuensis, who testified that the fourth sheet of this will, when signed, was in the same condition as it now appears; that in preparing it he had written a provision which was objected to by the deceased, and to remedy the same, he had cut off the objectionable portion; and that the line intersecting the signature was drawn before the execution thereof as a guide line. The evidence fails to establish undue influence exercised by the children and beneficiaries of the deceased. To entitle the appellant to the relief sought, it is necessary to prove the facts alleged by a preponderance of the evidence. We do not mean to say that he must prove, by a preponderance of the evidence, facts sufficient to defeat the will upon contest, but the foundation of the action is the alleged irregularity in the probate proceeding. The burden of proof rested upon the appellant to show that the county court was without jurisdiction to admit the will to probate, or that some wrong was committed in the proceeding, which amounts to a fraud, prejudicial to the rights of his wards. Such alleged wrongs were prejudicial only in the event that the children had reasons for contesting their grandfather's will.

Appellant contends that he is required to make, in order to obtain a new trial, only a *prima facie* case, showing that reasons for a contest existed, and cites in support thereof *Ritchey v. Seeley,* 73 Neb. 164. The decision therein was upon matters occurring after judgment, and the rule there followed is not applicable to cases such as this. Counsel also cites *Western Assurance Co. v. Klein,* 48 Neb. 904, wherein it appears that the real ground for a new trial was the existence of some of the reasons specified in section 602 of the code. But before the applicant could avail himself thereof he should produce evidence to show at least a *prima facie* valid defense or cause of action. Substantially to the same effect it has been held that not only must the parties seeking to open a judgment show that irregularities occurred, but it is necessary to allege and prove a valid cause of action or defense, and to secure an adjudication that the cause of action or defense is *prima facie* valid. *Gilbert v. Marrow,* 54 Neb. 77; *Clark v. Charles,* 55 Neb. 202; *Delancy v. Updike Grain Co.,* 5 Neb. (Unof.) 579. In this case the alleged irregularities are not admitted by the appellees, and must therefore be proved, the same as any other allegation of fact, and, in addition thereto, the appellant must show some valid cause for the contest of the will and convince the court that the cause of contest is *prima facie* valid, or that sufficient grounds existed to refuse the probate of the will. The notice of the petition for probate was published under the direction of the county court, and no evidence is produced to show that such order was procured by the fraud of the interested parties. It was shown, however, that said paper did not circulate in the vicinity where the children resided; but such evidence was insufficient to impeach the notice thus published.

The guardian *ad litem* was appointed subsequently to the first publication of said notice and prior to the last, and this, appellant argues, was an irregularity sufficient to defeat the probate of the will. None of the interested parties have the right to name or dictate to the court the

appointment of a guardian *ad litem.* A mere suggestion, however, is not improper, and, unless evidence is produced showing the perpetration of some fraud or wrong by the guardian *ad litem,* the judgment of the court will not be set aside for a mere irregularity as to the time of his appointment. We agree with counsel that the duties of the guardian *ad litem* require the same energy and exertion in behalf of his wards, and demand the same skill and integrity, as though he had been acting under an express re-retainer from a client; but such duties do not require him on the hearing to insist upon issues which have no foundation in law nor in fact; and by a careful examination of the evidence we fail to find where any duty has been neglected by the guardian *ad litem* in this case. The appellant's attorney, who ably presented this cause to the trial court, failed to produce evidence regarding the execution of the will, or the circumstances surrounding the making thereof, other than was presented to the county court upon the hearing of the petition for probate.

Appellant contends that, inasmuch as this guardian *ad litem* had filed the general denial and demanded proof of the due execution of the will, the court could not legally admit the will to probate upon the evidence of but one subscribing witness. The appointment and appearance of a guardian *ad litem* was not a condition precedent to the admitting of the will to probate, and it does not appear in the proof that the failure to call other attesting witnesses was prejudiced to the children.

The evidence produced upon the trial, in our opinion, did not support the allegations of the petition, and we recommend that the judgment of the district court be affirmed.

Ames and Oldham, CC., concur.

By the Court: For reasons set forth in the above opinion, the judgment of the district court is

AFFIRMED.