DENNIS GODFREY, APPELLANT, V. ANNA CUNNINGHAM, APPELLEE.

FILED NOVEMBER 10, 1906.   No. 14,447.

1. **Partition:** SALE: CONFIRMATION. After the filing of a stipulation signed by the attorneys of both parties, agreeing that an order of sale in a partition case and all proceedings thereunder be vacated, a confirmation of such sale without a consideration and disposition of the stipulation is an irregularity within the meaning of section 602 of the code.

2. ———: ———: MOTION TO VACATE. In a motion to set aside the confirmation of a judicial sale for irregularities under the provisions of section 602 of the code, it is sufficient to allege the existence of irregularities which would have been sufficient to avoid the sale had they been considered at the time of confirmation.

3. **Interlocutory Orders:** VACATING. "An interlocutory order or ruling may be reversed and vacated at ·a subsequent term by the same court, without· compliance with the provisions of section 602 *et sequitur* of the code, relating to the vacation and modification of judgments and final orders at a term subsequent to that in which rendered." *Huffman v. Rhodes*, 72 Neb. 57.

4. ———: ———: REVIEW. Unless an abuse of discretion of the trial court in setting aside an interlocutory order is shown, an appellate court will not interfere therewith.

5. **Judicial Sale:** MOTION TO VACATE: WAIVER. A motion to set aside the confirmation of a judicial sale is not waived by later filing a motion to set aside interlocutory orders, and no prejudicial error results in considering both motions at the same time.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*Will H. Thompson,* for appellant.

*James H. Van Dusen,* contra.

EPPERSON, C.

This is an action for the partition of real estate. In 1901, the district court for Douglas county confirmed the shares of the parties and appointed referees to make partition. On the same day there was filed in the case a stipulation, signed by the attorneys of the respective parties, in which it was agreed that the decree should not be carried out except by written consent of counsel. On June 4, 1904, the referees reported to the court that they could not make a fair and equitable partition of the premises, and recommended sale. This report was afterwards confirmed, and the referees directed to sell the property as required by law. On the date of sale there was filed a stipulation, signed the previous day by the only counsel appearing of record, in which it was agreed that the order authorizing the sale of the property be vacated, and all proceedings thereunder be declared void, and that the proposed sale be discontinued. The stipulation recites that it is made by reason of the former stipulation and because of the fact that the parties had not agreed to proceed with the case. Ignoring this stipulation, the referees sold the land. Plaintiff was the purchaser at the sale. Two days subsequent to an order of the court confirming the sale, defendant filed a motion to set aside the order of confirmation, alleging as her reasons the existence of the above facts relative to the stipulations. At the next term of court defendant filed another motion, in which she asked that the order confirming the report of June 4, 1904, and an order of July 27, 1904, modifying the same, be vacated, and the sale set aside. From the judgment of the court sustaining defendant's motions plaintiff appeals.

1. It is not necessary to consider the legal effect of the first stipulation. Both parties complied with its terms for three years. Finally, referees took steps toward making a sale of the property. Then it was that the second stipulation was filed. There was no contention that it was

made through fraud. It was on file when the court confirmed the sale. The court's attention was not called to it. No attempt was made to have it annulled. If unjust, it might have been set aside upon proper showing, with notice. *Keens v. Robertson,* 46 Neb. 837. Plaintiff's present counsel should not have moved for confirmation with that stipulation on file, without calling it to the court's attention. In our opinion, the confirmation of the sale without consideration of the stipulation was an irregularity justifying the court in setting aside the order of confirmation under section 602 of the code.

2. Plaintiff argues that before defendant can obtain relief she must allege and prove that she was prejudiced by the irregular proceedings. Many cases are cited by appellant to the effect that the moving party must allege and prove that he has a valid cause of action or defense which would *prima facie* entitle him to relief. These cases pertain to judgments or orders which from their nature require evidence as to the merits of the cause of action or defense. Such cases need not be distinguished here. Indeed, we desire to adhere strictly to that rule. But the nature of the judgment or order assailed governs the sufficiency of the motion to annul and the proceedings thereunder. Where the judgment required evidence on the merits to sustain it, the motion or petition assailing it should allege, and the evidence in support thereof should prove, not only the irregularities complained of, but facts relative to the merits which show a *prima facie* cause of action or defense. There must be presented to the court such matters as could have been presented upon the trial or hearing wherein the judgment or order assailed was rendered. Where the order assailed was not based upon evidence, but was the natural sequence of the court's proceeding, such as the confirmation of a judicial sale, the motion assailing needs to set forth only such irregularities as would *prima facie* show a meritorious reason why the sale should not be confirmed. As to whether or not the defendant was prejudiced is to be determined from the evi-

dence, which, in the case at bar, is sufficient to sustain the court's finding that the defendant is entitled to the relief she seeks. In a similar case in this court, *Fisk v. Thorp*, 60 Neb. 716, it is said by HOLCOMB, C. J.: "It is not required in such instances that there shall be tendered an answer, but only that the court shall find from the evidence that a valid defense exists. This may be found from evidence offered in support of the motion filed asking the vacation of the judgment." It cannot be said that the court should, before granting the relief, determine that the defendant would fare better had the proceedings been regular.

3. Plaintiff contends that by the filing of the second motion defendant either waived the first, or that the court could not entertain the second while the first was pending. The first motion attacked the order of confirmation, and the second interlocutory orders. The latter was not a waiver of the former, and no prejudicial error resulted in a consideration of both motions at the same time.

4. Plaintiff alleges error in the court's ruling upon the second motion filed. That motion assailed the interlocutory orders of the court. In *Huffman v. Rhodes*, 72 Neb. 57, it was held that an interlocutory order may be vacated at a subsequent term by the same court, without compliance with the provisions of section 602 of the code. No special procedure therefor is required on the part of the trial court in dealing with such orders, and unless an abuse of discretion is shown the reviewing court will not interfere with the judgment of the trial court in such matters. The evidence in this case not only shows the existence of the stipulations hereinbefore referred to, but the evidence of the defendant discloses that the successful bid at the sale was grossly inadequate. And, in addition to this, a written appraisement of the property in controversy clearly indicates that there could have been actual partition of the land without prejudice to either party.

33

We recommend that the judgment of the trial court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.