BRYCE CRAWFORD ET AL., APPELLANTS, V. JAMES B. HOUSER ET AL., APPELLEES.

FILED DECEMBER 1, 1926. No. 24396.

1. **Mortgages: DEFAULT: MATURITY.** A stipulation in a mortgage, authorizing the mortgagee to accelerate the maturity of the mortgage debt, if interest thereon is not paid when due, or if the taxes on the mortgaged premises are not paid at or before the time they become delinquent, is not forbidden, by the statute, nor contrary to public policy, and may be enforced.

2. ———: ———: **RIGHT TO FORECLOSE.** After the holder of the mortgage has commenced an action to foreclose, for default in the payment of interest and taxes, pursuant to such acceleration clause, the bringing into court of the amount of accrued interest and evidence of the payment of delinquent taxes will not preclude the plaintiff from prosecuting the action to decree for the amount remaining unpaid.

APPEAL from the district court for Dawson county: GEORGE C. GILLAN, JUDGE. *Reversed.*

*Brome, Ramsey & Crawford,* for appellants.

*W. A. Stewart* and *N. M. York, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

GOOD, J.

On May 7, 1924, plaintiffs filed an action to foreclose a real estate mortgage given to secure a promissory note for $7,000, dated March 1, 1919, and due March 1, 1929, bearing interest at 5 per cent. from date until due, payable semiannually. The note contained this clause: "If this note is not paid at maturity, principal and interest shall draw interest at the rate of ten per cent. per annum from matu-

rity until paid." As disclosed by an alleged copy of the mortgage attached to the petition and made a part thereof, it contains a clause providing for the acceleration of the maturity of the debt upon failure of mortgagors to pay the taxes on the mortgaged premises at or before the time that the same, by law, become delinquent, and for failure to pay any interest, when due, and, upon the happening of such default, the holders of the mortgage have the option to declare the whole debt due and payable at any time after such default, to maintain an action for foreclosure of the mortgage, and that the commencement of such action is the only notice required of the exercise of the option. Plaintiffs further pleaded default in the payment of taxes and interest. On May 27, 1924, mortgagors filed an answer in which they admitted the execution of a note and mortgage and admitted an allegation of the petition that interest had been paid to the 1st day of September, 1922. They alleged that they were unable to determine whether exhibits A and B, purported copies of the note and mortgage, were true copies thereof, and therefore denied that they were such, and further denied all of the other allegations of the petition.

On May 31, 1924, defendant Dawson County State Bank filed an answer somewhat similar to that of the mortgagors, but incorporated therein a cross-petition, asking the foreclosure of a second mortgage upon the same premises. On June 30, 1924, mortgagors filed a motion in which they requested the court to permit them to pay into court, for the use and benefit of the plaintiffs, all interest, penalties and costs of the action to date, and that plaintiffs be not permitted or allowed to foreclose their mortgage at that time, and requested the court to compute the amount of interest due, and, upon payment of the amount into court for the plaintiffs, that plaintiffs' action be dismissed. On July 14, 1924, the court, in effect, sustained the motion, fixed the amount of interest and penalties which were due up to the 1st of September, 1924, required the production of certificates, showing redemption of the premises from tax sale,

and the payment of taxes then due, and thereupon dismissed plaintiffs' action, but rendered a decree of foreclosure in favor of the Dawson County State Bank upon its second mortgage. Plaintiffs appeal.

The principal question presented is whether the court erred in dismissing plaintiffs' petition. We have not been favored with a brief on behalf of appellees and are therefore left to conjecture what their theory of the case is. We assume, however, that the basis of mortgagors' motion and the ruling of the court thereon is to be found in section 9218, Comp. St. 1922, which provides: "Whenever a petition shall be filed for the satisfaction or foreclosure of any mortgage, upon which there shall be due any interest on any portion or instalment of the principal, and there shall be other portions or instalments to become due subsequently, the petition shall be dismissed upon the defendant's bringing into court, at any time before the decree of sale, the principal and interest due, with costs."

. It is quite clear that this section has reference to mortgages which fall due in instalments and where action is begun for the foreclosure only of the part due. The instant case does not fall within that class. By the terms of the mortgage the whole debt became due and payable, at the option of the holders of the mortgage, on default in payment of interest or taxes. According to the averments of the petition, there was a default, and the holders of the mortgage had exercised their option to declare the whole debt due and payable. In this situation the mortgagors were not entitled to a dismissal on payment of interest, costs and taxes. Under the statute, they were entitled to this relief only on "bringing into court, at any time before the decree of sale, the principal and interest due, with costs." According to the averments of the petition, the whole debt was due and payable. After the holder of a mortgage has commenced an action to foreclose, for default in the payment of interest and taxes, pursuant to an acceleration clause, the bringing into court of the amount of accrued interest and evidence of the payment of delin-

quent taxes will not preclude the plaintiff from prosecuting the action to decree for the amount remaining unpaid.

The precise question has been heretofore presented and determined frequently in this court in the following cases: *Beisel v. Artman,* 10 Neb. 181; *Northwestern Mutual Life Ins. Co. v. Butler,* 57 Neb. 198; *Hartsuff v. Hall,* 58 Neb. 417; *Plummer v. Park,* 62 Neb. 665; *Hockett v. Burns,* 90 Neb. 1; *Moorehead v. Hungerford,* 110 Neb. 315.

Since material allegations of plaintiffs' petition were denied and the court, by its ruling, permitted no evidence to be introduced, a decree cannot be entered in this court.

Plaintiffs also contend that the decree of foreclosure in favor of the Dawson County State Bank is excessive. It appears so to be. However, the mortgagors are not complaining, and if the allegations of plaintiffs' petition are true this fact would not be prejudicial to them, since they would be entitled to the first lien, and it would be immaterial to them whether a decree on a second lien was excessive or otherwise.

For the reasons given, the judgment of dismissal is reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED.

