STEPHEN M. GASPER, APPELLANT, V. JULIUS STANLEY MAZUR ET AL., APPELLEES.

62 N. W. 2d 117

Filed January 8, 1954. No. 33443.

*August Ross,* for appellant.

*George Evens,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

This appeal contests the validity of an order of the

district court setting aside a decree of foreclosure of a real estate mortgage and all proceedings and acts subsequent to and dependent upon it.

The basis of the action of the trial court was a pleading of appellees after adjournment of the term of court at which the decree was rendered and entered, referred to and treated as a motion, by which it was claimed there was an irregularity in obtaining the decree of foreclosure, and that appellant had practiced fraud upon the court at the time of and in procuring the entry of the decree.

The district court had acquired and had jurisdiction of the subject matter of the action and over the person of each of the appellees at the time of the rendition of the decree of foreclosure. There is no claim of defect in the jurisdiction of the court. The irregularity relied upon by appellees, as stated by them, "consisted of the failure of the plaintiff herein (appellant) to allege (in his petition) as provided by law that no action or proceeding at law had been had to recover the debt or any part thereof." A petition for the foreclosure of a real estate mortgage is required to state "whether any proceedings have been had at law for the recovery of the debt secured thereby." § 25-2142, R. R. S. 1943. The absence of the required allegation in such a petition prevents it from stating a cause of action and is fatal to a decree of foreclosure rendered on such a petition if the defect is taken advantage of by a party prejudiced thereby by timely direct attack on the pleading. Jones v. Vennerberg, 133 Neb. 143, 274 N. W. 494. The petition of appellant in this case did not state "whether any proceedings have been had at law for the recovery of the debt secured thereby." It was in other respects sufficient. The appellees did not challenge the sufficiency of the petition before entry of the decree. They were served with process of the character and in the manner provided by law. They made no appearance in the case until after the confirmation of the sale of the property

involved by authority of the decree of foreclosure and the conveyance of the property to the purchaser on August 17, 1951, by deed of the sheriff.

The first attempt of appellees to secure a vacation of the decree of foreclosure rendered and entered on June 11, 1951, was futile. Gasper v. Mazur, 155 Neb. 856, 54 N. W. 2d 66. This attack on the decree of foreclosure and the proceedings and acts subsequent to it was originated by a pleading filed in the case on January 23, 1953. It sought the exercise of the statutory right given the district court to vacate its judgments or orders after the term at which they were made. § 25-2001, R. R. S. 1943. This eventuated in this appeal. The sufficiency of the petition to state a cause of action is not the test of jurisdiction of the court or the validity of a judgment rendered because of the petition. In Wistrom v. Forsling, 144 Neb. 638, 14 N. W. 2d 217, this court said: "Where a court has jurisdiction of the parties and the subject matter of the action, a judgment rendered is not void and subject to collateral attack, even though the court was in error in holding that a cause of action was properly stated. * * * There is no connection between jurisdiction and the sufficiency of the allegations of a petition to state a cause of action. * * * Where the allegations of a petition are sufficient to inform the defendant what relief the plaintiff demands, the court having the power to grant it in a proper action, jurisdiction exists."

The district court found and held that the petition did state a cause of action, and it respected and enforced the cause of action by the decree of foreclosure. That was a judicial question the trial court had authority and jurisdiction to consider and decide. It had power to determine it either way and in conformity with its conclusion to pronounce a judgment that was conclusive on the litigants if it was not reversed or changed by direct proceeding for that purpose. Appellees may not in this proceeding have any relief because the petition omitted a required allegation. The sufficiency of the petition

was adjudicated by the district court at the time of and by the rendition of the decree. It is said in Brandeen v. Lau, 113 Neb. 34, 201 N. W. 665: " 'The sufficiency of the petition is not a test of jurisdiction, as the court may commit an error in holding it sufficient; * * *.' "

A prerequisite to the vacation of a judgment by resort to the statutory method relied upon by appellees is that "it is adjudged that there is a valid defense to the action in which the judgment is rendered." § 25-2005, R. R. S. 1943. It is true, as appellees assert, they were not required to tender an answer stating a defense to the action in which the decree of foreclosure was rendered with their motion to vacate the decree. Fisk v. Thorp, 60 Neb. 713, 84 N. W. 79. However appellees were required to show by proof that they were prejudiced by the decree and it was mandatory that the court should find from the evidence and adjudicate that a valid defense existed before it could, in any event, vacate the decree. In Fisk v. Thorp, *supra,* this court said: "It is not required in such instances that there shall be tendered an answer, but only that the court shall find from the evidence that a valid defense exists. This may be found from evidence offered in support of the motion filed asking the vacation of the judgment." This case was approved in Godfrey v. Cunningham, 77 Neb. 462, 109 N. W. 765, and it is therein stated: "As to whether or not the defendant was prejudiced (by the judgment sought to be vacated) is to be determined from the evidence * * *." See, also, Western Assurance Co. v. Klein, 48 Neb. 904, 67 N. W. 873; Willms v. Plambeck, 76 Neb. 195, 107 N. W. 248. The appellees did not offer evidence tending to show a defense to the claim of appellant. Their pleading asking vacation of the decree admits they were, at the time of the commencement of the case, in default of performance of the obligations of the note and mortgage given by them to appellant. Appellant asserted by his petition the right of foreclosure of the mortgage given him by appellees because it assured

to him this right, at his option, if any part of the indebtedness secured thereby was not paid when it became due; that seven installments of the indebtedness had matured and were unpaid when this action was commenced; and that the institution of an action to enforce the mortgage was the only notice of the exercise of the option exacted by it. The exercise of the option by appellant, when a default of appellees existed, was absolute and the effect thereof could not be defeated by any act of appellees without the concurrence of appellant. The efforts of appellees after the foreclosure was completed and the property had been conveyed to the purchaser to extinguish by tender or payment of the indebtedness owing to appellant by appellees at the time the case was commenced with interest and costs were of no legal significance or effect. Hockett v. Burns, 90 Neb. 1, 132 N. W. 718; Crawford v. Houser, 115 Neb. 62, 211 N. W. 165; Matthews v. Guenther, 120 Neb. 742, 235 N. W. 98; Annotation, 31 A. L. R. 731. The trial court did not adjudge that there was a valid defense to the action in which the decree was rendered. This is an additional reason why the order assailed by this appeal cannot be sustained.

The claim of appellees that there was fraud practiced by appellant in obtaining the decree of foreclosure is without merit. This ground for vacating a judgment after the term at which it was entered may not be presented by motion but can only be availed of by an action begun and prosecuted by petition and summons. § 25-2002, R. R. S. 1943. This charge is unsupported by allegation of wrongful act or omission by appellant that in any manner influenced or affected the entry of the decree.

The judgment of the district court rendered and entered in this case on May 26, 1953, vacating and setting aside all proceedings in this case subsequent to the filing of the petition of appellant, the plaintiff in the district court, should be and it is reversed.

The district court for Douglas County should be and it is directed to reinstate by proper adjudication all of the proceedings vacated and set aside by its said judgment of May 26, 1953, so that they will appear and be in force and effect in the same manner and with like effect as though the said judgment of May 26, 1953, had not been rendered and entered.

REVERSED AND REMANDED WITH DIRECTIONS.