IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

GEORGE V. GEORGE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

ALEXANDER GEORGE, APPELLANT,

V.

JEANIE GEORGE, APPELLEE.

Filed August 22, 2023.    No. A-22-883.

Appeal from the District Court for Douglas County: J. MICHAEL COFFEY, Judge. Affirmed.

Alexander George, pro se.

No appearance for appellee.

BISHOP, ARTERBURN, and WELCH, Judges.

BISHOP, Judge.

INTRODUCTION

Alexander George and Jeanie George were divorced by a decree of dissolution entered by the Douglas County District Court in August 2020. In August 2022, Alexander, pro se, filed a motion to vacate the dissolution decree pursuant to Neb. Rev. Stat. § 25-2001(4) (Reissue 2016), alleging that Jeanie and her attorney had made material misrepresentations of fact during the marriage dissolution trial. Alexander appeals from the district court's order denying his motion. Although our reasoning differs, we conclude the district court correctly denied Alexander's motion, and we therefore affirm.

BACKGROUND

The marriage dissolution trial in this case took place over the course of 5 days in 2019. Both parties were represented by counsel. On August 3, 2020, the district court entered a decree

- 1 -

dissolving the parties' marriage. On October 8, the court entered an order granting, in part, Alexander's motion to alter or amend the decree.

In September 2021, Alexander, pro se, filed a motion for an order to show cause, which he amended in October. Alexander requested that Jeanie's attorney be ordered to show cause regarding the attorney's alleged willful violation of the divorce decree, specifically regarding a provision involving the sale of two vehicles. In Alexander's attached affidavit, he claimed that the decree required the sale of two motor vehicles ("1971 Roadrunner" and "1973 Nova"), with the proceeds to be split equally between the parties. According to Alexander, Jeanie's attorney directed the sale of the vehicles but failed to give Alexander his share of the proceeds. He claimed Jeanie's attorney engaged in "reprehensible" conduct during the divorce proceeding, "including engaging in a pattern of suborning perjury from [Jeanie], and other unethical behaviors, including making false representations to the Court"; that Alexander had filed a federal lawsuit in Texas against that attorney and others; and that the "pattern of deception and misrepresentation exhibited by [the attorney] . . . must be stopped."

Following a hearing on November 2, 2021, the district court entered an order the next day regarding the sale of the two vehicles at issue in Alexander's show cause motion. The court noted that the two vehicles were in storage and Jeanie "was forced to file a replevin action" to obtain possession so they could be sold. They were sold for $57,000 and the funds were held in Jeanie's attorney's trust account. The court authorized $28,500 (half the sale proceeds) to be disbursed to Alexander "forthwith." However, the court went on to explain that due to the replevin action being necessary to carry out the provisions of the decree, Jeanie was entitled to deduct $3,537.01 from the proceeds, plus another $1,000 Alexander owed for a sanction previously imposed on him by the court. The court then pointed out that Alexander also had a child support arrearage of approximately $16,000 and an attorney's lien. Therefore, the court directed that Jeanie's attorney pay $23,962.99 to the district court clerk to be held until further order of the court. A hearing was to be scheduled with notice to "any interested parties, including, but not limited to: [Alexander], Nebraska State child support attorney, and the purported attorney lien holder." The record before us does not contain any further information as to the ultimate resolution of Alexander's show cause proceeding.

On August 9, 2022, Alexander, pro se, filed a "Motion to Vacate Decree of Dissolution of Marriage," wherein he alleged that "Section 4 of Neb. Rev. Stat. [§] 25-2001 specifically allows the District Court to vacate or modify such judgments and orders . . . based upon fraud practiced by the successful party in obtaining said judgment or order." He claimed that Jeanie and her attorney: "knowingly made intentional material misrepresentations of fact to the Court[,]" including when Jeanie "lied" that "she had never physically assaulted" him; "lied" about Alexander's income and "hid" Jeanie's sources of income, including her "cattery, through which she sold Russian cats during the marriage"; "misled" the court when claiming Alexander had received $50,000 from an insurance claim for a house in Texas; instructed a business partner "to refuse to produce" Jeanie's business records; submitted tax returns "for 2015 and 2016, despite the fact that [Jeanie] forged [Alexander's] signatures on said returns"; made misrepresentations to the court about Alexander's health and medical conditions during the dissolution action; and falsely accused Alexander of assaulting Jeanie and their children. Alexander also raised the issue of the two vehicles that were the subject of the show cause proceeding, and also referenced that he

"previously filed a pleading to set aside the Decree of Dissolution of Marriage based upon fraud[,]" but "the Clerk inadvertently dismissed that action." An unsigned certificate of service reflected that a copy of the motion was sent by regular mail to Jeanie's attorney. On September 13, 2022, Alexander filed an "Amended Motion to Vacate Decree of Dissolution of Marriage" with generally the same allegations. A signed certificate of service reflected that a copy of the amended motion was sent by regular mail to Jeanie's attorney. On October 26, Alexander filed a proposed scheduling order with the district court, and on November 15, he filed a motion for summary judgment.

On November 14, 2022, Alexander (pro se and by telephone) and Jeanie's attorney (in person) appeared for a hearing before the district court. The court stated, "Apparently there's been a request for a scheduling conference." The court asked Jeanie's attorney, "What's your position, [attorney's name]?" Jeanie's attorney responded that he received a proposed scheduling order "requiring that I be here on this date. I am here for the sole purpose of challenging jurisdiction over the defendant." Jeanie's attorney agreed with the court that the basis for his objection to jurisdiction was lack of service of process on Jeanie. The court noted that there was no return of service and gave Alexander an opportunity to respond. Alexander stated that he was "not a lawyer" but that it was his understanding that "you don't have to serve them when it's a motion." The court pointed out to Alexander that he was "trying to reopen a case." The court then stated it would "take a look at everything and get [Alexander] an order."

On November 22, 2022, the district court entered an order denying Alexander's motion to vacate the dissolution decree. The order stated only that the "allegations . . . [in the] motion are untimely and/or could have been raised on direct appeal and, therefore, said motion should be overruled and denied."

Alexander appeals.

## ASSIGNMENTS OF ERROR

Alexander assigns that the district court erred in (1) summarily dismissing his motion without an opportunity to be heard or to submit briefs and (2) deciding his motion to vacate during a scheduling conference.

## STANDARD OF REVIEW

Determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach its conclusions independent from a trial court. *Paxton v. Paxton*, 314 Neb. 197, 989 N.W.2d 420 (2023).

## ANALYSIS

The parties' dissolution decree was entered on August 3, 2020, and was further amended by an order entered on October 8. Alexander's August 9, 2022, motion to vacate was filed well after the term in which the decree was entered. When the decree was entered in 2020, the local rules for the Douglas County District Court established the court term as January 1 to December 31 of the calendar year; therefore, the court term relevant here ended on December 31, 2020. See Rules of Dist. Ct. of Fourth Jud. Dist. 4-1 (rev. 1995). (Although not relevant to this appeal, we note that the rule was recently amended, and effective July 1, 2023, the court term commences on

July 1 of each calendar year and concludes on June 30 of the following calendar year.) The district court's inherent power to vacate or modify its judgments or orders during the term, or upon a motion filed within 6 months after the entry of the judgment or order, had clearly expired in this case. See § 25-2001(1). However, § 25-2001(4) extends a district court's authority to vacate or modify its own judgments or orders after the term at which such judgments or orders were made under specific circumstances. See § 25-2001(4)(a) through (g).

Alexander sought to vacate the parties' dissolution decree pursuant to § 25-2001(4)(b), which provides in relevant part that a "district court may vacate or modify its own judgments or orders after the term at which such judgments or orders were made . . . for fraud practiced by the successful party in obtaining the judgment or order[.]" Generally, "[p]roceedings to vacate or modify a judgment or order, for the causes mentioned in subsection (4) of section 25-2001 must be commenced no later than two years after the entry of the judgment or order." Neb. Rev. Stat. § 25-2008 (Reissue 2016). As previously indicated, the parties' dissolution decree was entered on August 3, 2020. It was further amended by an order entered on October 8, apparently in response to a motion to alter or amend filed by Alexander. (The motion is not in the record before us.) Alexander filed his motion to vacate pursuant to § 25-2001(4) on August 9, 2022 (amended on September 13). When calculating from the initial decree date of August 3, 2020, Alexander's motion would have been filed past the 2-year limitation period set forth in § 25-2008. However, assuming Alexander timely filed his motion to alter or amend, which we cannot determine based on the record before us, Alexander's motion to vacate was filed within 2 years of the order amending the decree which was entered on October 8, 2020. The district court's order denying Alexander's motion to vacate stated that "the allegations of [Alexander] in said motion are untimely and/or could have been raised on direct appeal[.]" The court provided no explanation as to why the allegations in the motion were untimely. Regardless, we nevertheless conclude that Alexander's motion to vacate was properly rejected for a different reason, as we discuss next.

Neb. Rev. Stat. § 25-2002 (Reissue 2016) states, in relevant part:

The proceedings to vacate or modify the judgment or order on the grounds mentioned in subsection (4) of section 25-2001 shall be by complaint, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant. On such complaint a summons shall issue and be served as in the commencement of an action.

According to the Nebraska Supreme Court, when seeking to vacate a judgment for alleged fraud, this "ground for vacating a judgment after the term at which it was entered may not be presented by motion but can only be availed of by an action begun and prosecuted by petition and summons." *Gasper v. Mazur*, 157 Neb. 857, 862, 62 N.W.2d 117, 120 (1954). See, also, *Carlson v. Allianz Versicherungs-Aktiengesellschaft*, 287 Neb. 628, 642, 844 N.W.2d 264, 275 (2014) (affirming district court's dismissal of plaintiffs' attempt to vacate judgment under § 25-2001(4) "[b]ecause the [plaintiffs] did not properly serve [the defendant] under § 25-2002"; without proper service as required by § 25-2002, district court lacked jurisdiction to vacate judgment under § 25-2001(4)).

Alexander failed to comply with the requirements of § 25-2002. He did not file a complaint to initiate the proceedings; instead, he merely filed a motion requesting that the district court vacate or modify the decree. Alexander also failed to serve Jeanie as required by § 25-2002 ("summons

shall issue and be served as in the commencement of an action"). The certificate of service at the end of Alexander's initial motion to vacate and his amended motion to vacate indicated that a copy of the motion was sent by regular mail to Jeanie's attorney only. Alexander's attempt to initiate the proceedings by filing a motion to vacate the decree and mailing a copy of the motion to Jeanie's attorney was procedurally deficient under § 25-2002, and therefore, the district court lacked jurisdiction over the matter. See *Carlson v. Allianz Versicherungs-Aktiengesellschaft, supra.*

In his brief on appeal, Alexander argues that whether Jeanie was served does not matter because her counsel was present at the November 14, 2022, hearing, indicating that Jeanie received sufficient notice of his motion. However, Jeanie's attorney stated that he received a proposed scheduling order requiring that he "be here on this date" and that he was present "for the sole purpose of challenging jurisdiction over [Jeanie]." Jeanie did not request any relief from the district court on an issue other than sufficiency of service of process and therefore did not waive the necessity of service of process on Alexander's motion to vacate. See *Carlson v. Allianz Versicherungs-Aktiengesellschaft, supra* (claim that defendant waived necessity of service of process failed; voluntary appearance is equivalent to service that waives defense of insufficient service if party requests general relief from court on issue other than sufficiency of service or personal jurisdiction).

Although for a different reason, we conclude the district court properly rejected Alexander's motion to vacate. See *Acklie v. Greater Omaha Packing Co.*, 306 Neb. 108, 944 N.W.2d 297 (2020) (appellate court will affirm where record adequately demonstrates that decision of trial court is correct although such correctness is based on ground or reason different from that assigned by trial court).

## CONCLUSION

Because Alexander failed to properly initiate his action and properly serve Jeanie in accordance with § 25-2002, we affirm the district court's order denying Alexander's motion to vacate.

AFFIRMED.